A. D. ZACKARY *et al.*, *Plaintiffs in Error*, v. GEORGIA, FLORIDA & ALABAMA *RAILWAY* COMPANY, A CORPORATION, *Defendant in Error*.

1. A motion for a new trial is addressed to the sound judicial discretion of trial Courts, and where a trial court grants such a motion, the action in doing so is presumed to be in accordance with the justice and merits of the case, unless the contrary appears by the record. An order of the trial court granting a new trial should not be disturbed by an appellate court, unless it appears affirmatively from the record that there has been an abuse of a sound judicial discretion, or that some settled principle of law has been violated.

2. When the trial court grants a motion for a new trial and one of the grounds of the motion is that the verdict is not supported by the evidence, and it does not appear upon what

ground the motion was granted, and there is conflicting testimony upon a material issue in the cause, the appellate court will not reverse the order where there is no palpable preponderance of evidence in favor of the verdict.

This case was decided by Division A.

Writ of error to the Circuit Court for Leon County.

The facts in the case are stated in the opinion of the court.

*Geo. B. Perkins* and *W. C. Hodges,* for Plaintiffs in Error.

*Fred T. Meyers,* for Defendant in Error.

WHITFIELD, C. J.—This writ of error was taken under the statute to an order granting a new trial in an action at law. The only matter for determination is the alleged error in granting the new trial.

A motion for new trial is addressed to the sound judicial discretion of the trial courts, and where a trial court grants such a motion the action in doing so is presumed to be in accordance with the justice and merits of the case, unless the contrary appears by the record. An order of the trial court granting a new trial should not be disturbed by an appellate court, unless it appears affirmatively from the record that there has been an abuse of a sound judicial discretion, or that some settled principle of law has been violated.

When the trial court grants a motion for new trial and one of the grounds of the motion is that the verdict is not supported by the evidence, and it does not appear upon what ground the motion was granted, and there is conflicting testimony upon a material issue in the cause, the appellate court will not reverse the order where there is no palpable preponderance of evidence in favor of the ver-

dict. Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 South. Rep. 1.

The evidence does not clearly establish that the injury alleged was proximately caused by the negligence or fault of the defendant, and there is evidence to the contrary, therefore under the rules announced in previous cases the order of the trial court granting a new trial is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.