CHARLES E. ABERSON, *Plaintiff in Error*, v. ATLANTIC COAST LINE RAILROAD COMPANY, *Defendant in Error*.

Opinion Filed November 6, 1914.

1. On writ of error to an order granting a new trial, only the the order and the motion on which it is predicated can be considered.

2. The principles that govern in directing verdicts and in granting new trials after verdict are not the same.

3. There may be no inconsistency in granting new trial in a case in which a request for a directed verdict was denied. An order granting a new trial may be sustained by the appellate court when a directed verdict would not be approved.

4. A verdict on the evidence should be directed for one party only when the evidence would not be legally sufficient to sustain a verdict for the opposite party. A new trial may be granted on the evidence when, in the opinion of the court, the verdict is contrary to the manifest probative force of the evidence and the justice of the cause.

5. After verdict rendered, the trial court may for good cause, set it aside and grant a new trial in appropriate proceedings; but this judicial power and discretion to grant a new trial should not be confounded with the more limited authority to direct a verdict for one party only when a finding for the opposite party should be unlawful.

6. After a verdict is duly found it should not be disturbed by the trial court, on the ground that the evidence is insufficient to support it, unless it appears from the entire case that the verdict is against the manifest probative force of the evidence and the legal rights of the parties, thereby showing that the jury were not governed by the evidence or misapplied the law in making the finding.

7. A motion for a new trial is addressed to the sound judicial discretion of the court, and where a trial court grants such a motion, the action in doing so is presumed to be in accordance with the justice and merits of the case, unless the contrary appears by the record.

8. An order of the trial court granting a new trial should not be disturbed by an appellate court, unless it appears affirmatively from the record that there has been an abuse of a sound judicial discretion, or that some settled principle of law has been violated.

9. There are so many matters occurring in the course and progress of a judicial trial that, in the opinion of the judge who

tried the case, may affect the merits and justice of the cause to the substantial injury of one of the parties, that of necessity a large discretion should be accorded to the trial court in granting a new trial, to the end that the administration of justice may be facilitated; and the appellate court will not reverse an order granting a new trial, unless it clearly appears that a judicial discretion has been abused in its exercise, resulting in injustice, or that the law has been violated.

10.  A stronger showing is required to reverse an order allowing a new trial than to reverse one denying it.

11.  Where the trial court grants a motion for new trial containing several grounds, without stating any ground upon which the ruling was based, the order will be affirmed if any ground of the motion is sufficient to authorize the granting of the new trial. And it must be assumed that the court based the order on the ground that warrants it.

12.  Where the evidence on a material issue in a cause is conflicting, and it does not so preponderate in favor of the verdict as to show an abuse of discretion or the violation of any provision or settled principle of law in granting a new trial, the action of the trial court will not be disturbed on writ of error.

Writ of error to Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*H. S. Phillips* and *H. S. Hampton*, for Plaintiff in Error;

*Sparkman* & *Carter*, for Defendant in Error.

WHITFIELD, J.—The plaintiff in error brought an action against the railroad company under the statute to recover damages for the alleged wrongful death of his minor child who was struck while on the railroad right-of-way by the

locomotive of a passing train. At the trial the court denied a motion for a directed verdict in favor of the defendant. A verdict was rendered for the plaintiff and the court granted a motion for a new trial. The plaintiff took writ of error under the statute.

On writ of error to an order granting a new trial, only the order and the motion on which it is predicated can be considered. The principles that govern in directing verdicts and in granting new trials after verdict are not the same. There may be no inconsistency in granting new trial in a case in which a request for a directed verdict was denied. An order granting a new trial may be sustained by the appellate court when a directed verdict would not be approved.

A verdict on the evidence should be directed for one party only when the evidence would not be legally sufficient to sustain a verdict for the opposite party. A new trial may be granted on the evidence when, in the opinion of the court, the verdict is contrary to the manifest probative force of the evidence and the justice of the cause. Florida East Coast Ry. Co. v. Hayes, 67 Fla. 101, 64 South. Rep. 274; Ruff v. Georgia, S. & F. Ry. Co., 67 Fla. 224, 64 South. Rep. 782.

The authority to direct a verdict should not be so exercised as to deny to anyone the organic right to a jury trial. If a verdict is directed for one party when under the pleadings and evidence the jury may legally find for the opposing party, the right to a jury trial secured by the Constitution may be thereby invaded. After verdict rendered the trial court may for good cause set it aside and grant a new trial in appropriate proceedings; but this judicial power and discretion to grant a new trial should not be confounded with the more limited authority

to direct a verdict for one party only when a finding for the opposite party should be unlawful.

After a verdict is duly found it should not be disturbed by the trial court, on the ground that the evidence is insufficient to support it, unless it appears from the entire case that the verdict is against the manifest probative force of the evidence and the legal rights of the parties. thereby showing that the jury were not governed by the evidence or misapplied the law in making the finding. If the concrete finding of the verdict is clearly against the manifest probative effect of the evidence and contrary to the rights and liabilities of the parties under the law applicable to the case, thereby showing that the jury were not governed by the evidence or else misapplied the law of the case, it is not only within the province, but it is the duty of the trial court in appropriate proceedings to grant a new trial, in order that the rights of the parties may be duly determined by an impartial, competent jury as contemplated by the Constitution.

A motion for a new trial is addressed to the sound judicial discretion of the court, and where a trial court grants such a motion, the action in doing so is presumed to be in accordance with the justice and merits of the case, unless the contrary appears by the record. An order of the trial court granting a new trial should not be disturbed by an appellate court, unless it appears affirmatively from the record that there has been an abuse of a sound judicial discretion, or that some settled principle of law has been violated. Zackary v. Georgia, F. & A. R. Co., 62 Fla. 419, 56 South. Rep. 686.

There are so many matters occurring in the course and progress of a judicial trial that, in the opinion of the judge who tried the case, may affect the merits and justice of

the cause to the substantial injury of one of the parties, that of necessity a large discretion should be accorded to the trial court in granting a new trial, to the end that the administration of justice may be facilitated; and the appellate court will not reverse an order granting a new trial, unless it clearly appears that a judicial discretion has been abused in its exercise, resulting in injustice, or that the law has been violated.

A stronger showing is required to reverse an order allowing a new trial than to reverse one denying it.

Where the trial court grants a motion for new trial containing several grounds without stating any ground upon which the ruling was based, the order will be affirmed if any ground of the motion is sufficient to authorize the granting of the new trial. And it must be assumed that the court based the order on the ground that warrants it.

Where the evidence on a material issue in a cause is conflicting, and it does not so preponderate in favor of the verdict as to show an abuse of discretion or the violation of any provision or settled principle of law in granting a new trial, the action of the trial court will not be disturbed on writ of error. Ruff v. G. S. & F. Ry. *supra.*

The motion for a new trial that was granted contained grounds that the verdict is contrary to the evidence, and the court did not indicate on which ground of the motion the new trial was granted.

Under the Statute the proof of an injury by the running of the locomotive and cars of the defendant railroad company, raises a presumption of negligence on the part of the defendant, rendering the defendant liable in damages for the alleged injury, "unless the company shall make it appear that its agents have exercised all ordinary and reasonable care and diligence" to avoid the injury. In

this case the defendant company produced evidence to "make it appear that its agents did exercise all ordinary and reasonable care and diligence" under the circumstances to avoid the injury.  One witness for the plaintiff and one for the defendant saw the child struck by the engine, and the testimony of these witnesses conflict as to whether the agents of the company did exercise due care and diligence under the circumstances to avoid the injury.  The physical facts in evidence do not so conclusively substantiate the testimony for the plaintiff as to make the evidence so preponderate in favor of the plaintiff that an abuse of discretion is shown or that any principle of law was violated by the trial court in granting a new trial.  The action of the trial judge in granting a new trial indicates that he regarded it as necessary in order to do substantial justice between the parties; and this court upon a consideration of the entire record does not hold the granting of a new trial to be erroneous, this apparently being the first verdict.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.