THE ANTHONY FARMS COMPANY, A CORPORATION, *Plaintiff in Error*, v. SEABOARD AIR LINE RAILWAY, *Defendant in Error*.

## Opinion Filed February 18, 1915.

1. The principles that govern in directing verdicts and in granting new trials after verdict are not the same.

2. There may be no inconsistency in granting new trials in a case in which a request for a directed verdict was denied. An order granting a new trial may be sustained by the appellate court when a directed verdict would not be approved.

3. A verdict on the evidence should be directed for one party

only when the evidence would not be legally sufficient to sustain a verdict for the opposite party. A new trial may be granted on the evidence when, in the opinion of the court, the verdict is contrary to the manifest probative force of the evidence and the justice of the cause.

4. After verdict rendered, the trial court may, for good cause, set it aside and grant a new trial in appropriate proceedings; but this judicial power and discretion to grant a new trial should not be confounded with the more limited authority to direct a verdict for one party only when a finding for the opposite party should be unlawful.

5. A motion for a new trial is addressed to the sound judicial discretion of the court; and, where a trial court grants such a motion, the action in doing so is presumed to be in accordance with the justice and merits of the case, unless the contrary appears by the record.

6. An order of the trial court granting a new trial, should not be disturbed by an appellate court, unless it appears affirmatively from the record that there has been an abuse of a sound judicial discretion, or that some settled principle of law has been violated.

7. There are so many matters occurring in the course and progress of a judicial trial that, in the opinion of the judge who tried the case, may affect the merits and justice of the cause, to the substantial injury of one of the parties, that of necessity a large discretion should be accorded to the trial court in granting a new trial, to the end that the administration of justice may be facilitated; and the appellate court will not reverse an order granting a new trial, unless it clearly appears that a judicial discretion has been abused in its exercise, resulting in injustice, or that the law has been violated.

8. A stronger showing is required to reverse an order allowing a new trial than to reverse one denying it.

9. Where the trial court grants a new trial, containing several

grounds, without stating any ground upon which the ruling was based, the order will be affirmed, if any ground of the motion is sufficient to authorize the granting of the new trial. And it must be assumed that the court based the order on the ground that warrants it.

10. Where the evidence on a material issue in a cause is conflicting, and it does not so preponderate in favor of the verdict as to show an abuse of discretion or the violation of any provision or settled principle of law in granting a new trial, the action of the trial court will not be disturbed on writ of error.

Writ of Error to Circuit Court for Marion County; W. S. Bullock, Judge.

Order affirmed.

*H. M. Hampton,* for Plaintiff in Error;

*L. N. Green,* for Defendant in Error.

WHITFIELD, J.—In an action for damages the Anthony Farms Company obtained a verdict for $6,000.00 against the railroad company for the alleged burning of property caused by sparks from a passing locomotive. A motion for new trial was made upon grounds that the court erred in refusing to direct a verdict for the defendant, and in giving and in refusing specified instructions to the jury; and that the verdict is contrary to the evidence, to the charge of the court and to the law. The motion for new trial was granted, but the court did not indicate the ground upon which it was granted. A writ of error was under the statute, Section 1695 General Statutes, taken, to the order granting the new trial.

On such a writ of error, only the order and the motion on which it is predicated can be considered.

The principles that govern in directing verdicts and in granting new trials after verdict are not the same.

There may be no inconsistency in granting new trial in a case in which the request for a directed verdict was denied. An order granting a new trial may be sustained by the appellate court when a directed verdict would not be approved.

A verdict on the evidence should be directed for one party only when the evidence would not be legally sufficient to sustain a verdict for the opposite party. A new trial may be granted on the evidence when, in the opinion of the court, the verdict is contrary to the manifest probative force of the evidence and the justice of the cause.

After verdict rendered, the trial court may, for good cause, set it aside and grant a new trial in appropriate proceedings; but this judicial power and discretion to grant a new trial should not be confounded with the more limited authority to direct a verdict for one party only when a finding for the opposite party should be unlawful.

A motion for a new trial is addressed to the sound judicial discretion of the court; and, where a trial court grants such a motion, the action in doing so is presumed to be in accordance with the justice and merits of the case, unless the contrary appears by the record.

An order of the trial court granting a new trial, should

not be disturbed by an appellate court, unless it appears affirmatively from the record that there has been an abuse of a sound judicial discretion, or that some settled principle of law has been violated.

There are so many matters occurring in the course and progress of a judicial trial that, in the opinion of the judge who tried the case, may affect the merits and justice of the cause, to the substantial injury of one of the parties, that of necessity a large discretion should be accorded to the trial court in granting a new trial, to the end that the administration of justice may be facilitated; and that the appellate court will not reverse an order granting a new trial, unless it clearly appears that a judicial discretion has been abused in its exercise, resulting in injustice, or that the law has been violated.

A stronger showing is required to reverse an order allowing a new trial than to reverse one denying it.

Where the trial court grants a new trial, containing several grounds, without stating any ground upon which the ruling was based, the order will be affirmed, if any ground of the motion is sufficient to authorize the granting of the new trial. And it must be assumed that the court based the order on the ground that warrants it.

Where the evidence on a material issue in a cause is conflicting, and it does not so preponderate in favor of the verdict as to show an abuse of discretion or the violation of any provision or settled principle of law in granting a new trial, the action of the trial court will not be disturbed on writ of error. Aberson v. Atlantic Coast Line R. Co., 68 Fla. 186, 67 South. Rep. 44; Ruff v.

Georgia Southern & Florida Ry. Co., 67 Fla. 224, 64 South. Rep. 782.

As the evidence on the material issue whether the defendant's passing locomotive did set fire to the property is conflicting, the court did not abuse a sound judicial discretion in granting a new trial. Zackary v. Georgia F. & A. R. Co., 62 Fla. 419, 56 South. Rep. 686; Orchard v. Charlotte Harbor & N. R. Co., 66 Fla. 353, 63 South. Rep. 717. The evidence does not *require* a verdict for the plaintiff as in Cotton States Belting and Supply Co. v. Florida Railway Company, decided at this term, and in other cases cited therein where orders granting new trials were reversed.

The order is affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.