JOHN G. HERRIN, *Plaintiff in Error*, v. AVON MANUFAC-
TURING COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed April 11, 1924.

This case was decided by Division B.

1. Notice to the opposing party, 'or his counsel, is not a condi-
tion precedent to the right of a trial court, within four 'days
after verdict and during the term, to grant an application
therefor and enter an order extending the time for presenta-
tion of a motion for new trial, not to exceed fifteen days
from the rendition of the verdict.

2. Where the evidence on a material issue in a cause is con-
flicting and does not palpably preponderate in favor of 'the
verdict and it does not affirmatively appear from the record
that in granting a new trial any law has been violated or that
judicial discretion has been abused, resulting in injustice, the
order of the trial court granting a new trial will not be dis-
turbed on writ of error.

A Writ of Error to the Circuit Court for Highlands
County; George W. Whitehurst, Judge.

Affirmed.

*George A. DeCotes* and *Fred R. Wilson*, for Plaintiff in
Error;

*Leitner & Leitner*, for Defendant in Error.

WEST, J.—This is an action to recover damages for per-
sonal injuries sustained by plaintiff while in defendant's
employ and as a result of its alleged negligence. There
was a verdict and judgment for plaintiff. Upon motion

the verdict was set aside and a new trial awarded. To review this order writ of error was taken from this court.

Errors are assigned upon (1) the trial court's order extending the time for fifteen days from the rendition of the verdict for the presentation by° defendant of a motion for new trial, (2) orders subsequently made denying motions of plaintiff to vacate the order extending the time, and (3) the order granting defendant's motion for a new trial. The verdict was returned on February 7, 1923. Judgment was entered on the following day. During the same day, upon motion of counsel, defendant was allowed fifteen days from the rendition of the verdict in which to present its motion for new trial. It is not disputed that the order extending the time for making and presenting the motion for new trial was made during the term in open court and within four days after the rendition of the verdict.

It is contended that the Court should not have entertained the motion without notice to plaintiff, or his counsel, with an opportunity to be heard in opposition to it. There is nothing in the statute requiring notice of such application and "cause shown" to be given opposing counsel. Sec. 2811, Rev. Gen. Stat. Nor is there a rule of court requiring such notice. There is contained in the grounds of the motion for an extension of time a recital that it "is impossible to file said motion within four days" for the reason that the court reporter would not be able to transcribe his stenographic notes of the proceedings, with defendant's exceptions to rulings during the progress of the trial, within that time. The trial court considered the showing made sufficient under the statute and accordingly made the order extending the time for presenting the motion for new trial for fifteen days from the rendition of the verdict. It is assumed that in the usual course

of procedure notice of such application would be given opposing counsel, but the court may proceed to consider and act upon such application although notice thereof may not have been given opposing counsel. Nothing other than a failure to give such notice appearing to vitiate the court's action, the order extending the time, in accordance with the provisions of the statute, will not be held to be reversible error.

The motion for new trial was granted upon the ground that "the verdict is contrary to the law and evidence." Having been granted upon this ground, it is impossible to do more than speculate as to the specific considerations affecting the conclusion reached. The trend of the arguments in briefs of counsel suggests that the court may have regarded as unsatisfactory the evidence of defendant's alleged negligence as the proximate cause of plaintiff's injury, or may have entertained the view that under the evidence contributory negligence of plaintiff was proved. We express no opinion on either of these questions. They are vital points in the case and the evidence does not palpably preponderate in favor of the verdict. The order of the trial court in granting the new trial is presumably proper. It does not affirmatively appear from the record that judicial discretion has been abused, resulting in injustice, or that any law has been violated in granting a new trial. Upon the authority of the following decisions the granting of the motion for new trial was not reversible error. Cheney v. Roberts, 77 Fla. 324, 81 South. Rep. 475; Ruff v. G. S. & F. Ry. Co., 67 Fla. 224, 64 South. Rep. 782; Orchard v. C. H. & N. Ry. Co., 66 Fla. 353, 63 South. Rep. 717; Acosta v. Gingles, 65 Fla. 507, 62 South. Rep. 582; Jones v. Jacksonville Electric Co., 56 Fla. 452,

47 South. Rep. 1; L. & N. R. R. Co. v. Wade, 49 Fla. 179, 38 South. Rep. 49.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.