NINA ZIGLER, Administratrix of the Estate of Peter Zigler, deceased, *Plaintiff in Error*, vs. ERLER CORPORATION, a corporation, *Defendant in Error*.

136 So. 718.

Division B.

Opinion filed September 19, 1931.

*Peacock & Parker*, of Tampa, for Plaintiff in Error;

*Altman, Morrow & Cooper*, of Tampa, for Defendant in Error.

PER CURIAM.—On a writ of error taken under the statute (Sec. 2905, R. G. S., 4615 C. G. L., 1927) the only questions which can be considered are those involved in the order from which the writ of error is taken. Carney vs. Stringfellow, 73 Fla. 700, 74 So. 866 and cases cited. Such order will not be reversed where no abuse of discretion appears. Herrin vs. Avon Mfg. Co., 87 Fla. 385, 100 So. 174, and cases cited. No such abuse appears in this case.

The defendant in error has filed six cross assignments of error. These question the right of the plaintiff in error to maintain the suit and the sufficiency of the pleadings on plaintiff's part to state a cause of action. However, such cross assignments have not been considered by the Court in this case, because cross assignments of error by a defendant in error in a common law case are not authorized by any statute or rule of court in this jurisdiction. Consequently such cross assignments of error cannot be considered in the instant case. See Wilder vs. Punta Gorda State Bank, 100 Fla. 517, 129 So. 865, where this Court in passing, said:

> "It is in effect contended by appellants that the reversal of this cause upon the former appeal was not an adjudication of any other questions than those in terms discussed and decided, and that upon this appeal any other question may be assigned as error. This argument would have great weight if the case were here on writ of error, *because we have no statute or rule of court that authorizes or permits the filing and consideration of cross assignments of errors in common law actions;* and were we to hold that on writ of error sued out by the plaintiff a reversal of a judgment at law would thereafter estop the defendant from questioning the propriety of a ruling on a demurrer to the declaration by writ of error sued out by him to bring up for review an adverse judgment, he would be deprived of the opportunity to have the correctness of the decision of the lower court passed upon by this Court. However, in Chancery cases, successful parties in the Court

below are permitted to have adverse rulings on pleadings or other interlocutory matters reviewed upon appeal from a final decree favorable to them by assigning such rulings as error. (Italics ours).

It has been held in this State that a party may bring a writ of error to reverse his own judgment for error, if injustice has been done him in the Court below. Ward & May vs. Bull, 1 Fla. 271 (275) ; Hale, et al., vs. Crowell's Adm., 2 Fla. 534. There is nothing in our practice which precludes the defendant in error in a common law case from himself suing out a writ of error to the same judgment or appealable order as that from which his adversary has taken a writ of error, thereby enabling the defendant in error, by means of his cross writ of error and assignments of error based thereon, to obtain the same relief as appellees in chancery are able to obtain by means of cross assignments of error without a cross appeal. But in the absence of a writ of error duly sued out by a defendant in error, such defendant in error is not permitted to assign cross errors under our present practice in common law cases.

The order granting a new trial is affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.