FLETCHER SCOTT, *Plaintiff in Error*, VS. THE NATIONAL CITY BANK OF TAMPA, *Defendant in Error*.

139 So. 370.
142 So. 650.
143 So. 444.
146 So. 573.
Division A.

Opinion filed November 30, 1931.

Opinion on rehearing filed June 24, 1932.

Petition for rehearing denied September 30, 1932.

Opinion on Motion for New Trial filed February 27, 1933.

*C. W. Lawrence, Jr.,* and *Henry E. Williams,* for Plaintiff in Error.;

*McKay, Withers & Ramsey,* for Defendant in Error.

ELLIS, J.—Fletcher Scott brought an action against The

National City Bank of Tampa for the alleged conversion by the latter of three hundred shares of stock in the Clarence Saunders Corporation, the property of the plaintiff. There were three counts to the declaration but demurrer to the first and second counts was sustained. As to the third count the defendant pleaded not guilty and by leave of court interposed a plea of set off in which it was averred that the plaintiff was indebted to the defendant in the sum of $836.36 with accrued interest and attorney's fees in the sum of one hundred and fifty dollars.

The plea avers that the debt arose in the following manner. The Scott Grocery Company and the plaintiff executed to the defendant on October 13, 1927, their joint and several promissory note in the sum of $10,500.00 due thirty days after date with interest at the rate of 10% per annum until paid with costs of collection and reasonable attorney's fees if not paid at maturity; that the plaintiff also indorsed the said note before delivery to the defendant; that on November 1, 1927, the sum of $3,466.14 was paid on the note; on the second day of the same month the sum of $446.92 was paid; on February 13, 1928, the sum of $5,392.15 was paid; on April 12, 1928, the sum of $238.95 and on May 23, 1928, the sum of $119.48 was paid on the note, leaving a balance due of $836.36 with interest on the amount from time to time remaining unpaid after November 12, 1927, the due date of the note; that by reason of the failure of the plaintiff to pay the note the defendant has incurred attorney's fees in the sum of one hundred and fifty dollars.

The plaintiff interposed a replication on equitable grounds to the plea of set off in which it was averred that the plaintiff was an accommodation party upon the note and received no consideration for signing it which the defendant knew at the time; that on November 10, 1927, the Scott Grocery Company executed to the Adjustment Bu-

reau of the Tampa Association of Credit Men, Inc., an assignment for the benefit of creditors and the trust was accepted by the assignee; that the two first payments on the note mentioned in the plea represented sums of money which the Grocery Company and the plaintiff had on deposit with the defendant. The second amount stated in the plea of set off, $446.92, was a sum of money which the plaintiff had on deposit in defendant Bank and both were applied by the Bank upon the note. That the sum of $5,392.15 mentioned in the plea was derived from the sale of the 300 shares of stock in the Clarence Saunders Corporation which was owned by the plaintiff and which was sold by the defendant without notice to the plaintiff; that defendant then filed with the Adjustment Bureau, assignee, a claim for $1,194.79 instead of a claim for the sum of $7,033.86 which would have included the sum for which the defendant sold the plaintiff's shares of stock and the amount of deposit to the plaintiff's credit which was applied by the bank as the second payment on the note.

The trial of the case resulted in a verdict for the plaintiff in the sum of $5,364. which on defendant's motion was set aside and a new trial ordered to which order the plaintiff took a writ of error as authorized by the statute.

Neither the declaration, pleas nor replication recited the terms or conditions contained in the promissory note relating to the bank's authority to sell the 300 shares of stock for the conversion of which this action was brought. The plea urges as a set off a sum remaining due upon the note after the application to it of the proceeds of the sale of the stock of which the plaintiff complains and makes it the basis of his action. In other words, the plaintiff says to the defendant: you converted my stock and you are therefore liable to me in damages. The defendant, by his plea says: I admit I converted your stock but I have applied the proceeds of the sale of it to a debt which you

owed to me and there still remains a balance due me of $836.36 and attorney's fees of one hundred fifty dollars for which I am asking judgment against you.

Assuming that the plea is admissible in an action of tort for the conversion of the property, it is an admission of the cause of action because a plea of set off cannot serve the double purpose of defense and a counterclaim. 19 Ency. Pl. and Prac. 768; 23 Stand. Ency. of Proc. 585.

A set off is merely a mode of defense whereby the defendant acknowledges the justice of the plaintiff's demand but on the other hand sets up a demand of his own to counter balance it, either in whole or in part. In this State however a defendant is permitted to plead both general denial and set off in the same action under a statute which permits the defendant to plead as many matters of fact as he may deem necessary to his defense. Sec. 4320 C. G. L.

The only question therefore presented to the jury was whether in the circumstances in which the defendant sold the stock it was guilty of a conversion of it, and if so the damages which the plaintiff sustained, against which the defendant might set off the amount due on the note.

On the theory of a wrongful conversion by the Bank of the stock pledged, we have failed to discover in the record any evidence of a value of the stock in excess of the amount realized for it by the Bank and applied on the plaintiff's debt to it. In the companion case to this decided at this term, Scott, appellant, versus The National City Bank and Adjustment Bureau, Tampa Association of Credit Men, Inc., the Court held that Scott was liable on the note to the Bank as surety upon the failure of the principal debtor, Scott Grocery Company, to pay. Therefore, to recover in this action the plaintiff was bound to show that the securities alleged to have been converted were of a market value greater than the amount credited upon the obliga-

tion if, under the provisions of the note, the Bank did not have authority to sell the stock without notice to the plaintiff. There is no such evidence, consequently the verdict was wrong.

The note, as pointed out in the case above mentioned, contained provisions for the sale of the securities deposited without notice to the maker of the note. Whether those provisions constituted a waiver of the statute requiring notice it is unnecessary to determine in this case, because if they were not and the sale constituted a conversion there is no evidence to support the verdict in the sum rendered.

This case might have been tried by introducing the promissory note making proof of the sale of the stock by the Bank and the market value of the stock at the time of the sale of it by the Bank and a showing of the amount which the Bank had credited on the debt on account of such sale. If the trial court had held as it did that the provisions of the note amounted to a waiver by the plaintiff of the statutory provisions requiring notice of the sale of pledged stock to be given to the one pledging it, see Sec. 6931 C. G. L., 1927, an instructed verdict for the defendant on that issue would have followed and the cause would have been presented here solely upon that question of law. But that question is not necessary to be determined in this case because there is no evidence of value of the stock in excess of that for which it was sold.

For these reasons the order granting a new trial was not error and the same is affirmed.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.

---

## ON REHEARING.

PER CURIAM.—In the original opinion in this case it was

held that the record disclosed no evidence to prove the market value of the shares of stock referred to therein at or near the time of the alleged conversion, which conversion was admitted by the plea of set-off.

On further consideration of the record on rehearing the Court finds that there is some evidence tending to prove the value of the stock at or near the time of conversion, and if the case were now before us on writ of error to the judgment in favor of the plaintiff we might not be warranted in disturbing the judgment, but the case is before us on writ of error to an order granting a new trial.

The rule is that the appellate court will not reverse an order granting a new trial unless it clearly appears that a judicial discretion has been abused in its exercise resulting in injustice or that the law has been violated. Ruff v. Georgia S. & F. Ry. Co., 67 Fla. 224, 64 Sou. 782; Cheney v. Roberts, 77 Fla. 324, 81 Sou. 475; Carney v. Stringfellow, 73 Fla. 700, 74 Sou. 866; Lockhart v. Butt-Landstreet, 91 Fla. 497, 107 Sou. 621; Suttles v. Burbridge, 90 Fla. 940, 107 Sou. 646; Aberson v. Atlantic Coast Line Ry., 68 Fla. 196, 67 Sou. 44, cited. Huston v. Green, 91 Fla. 434, 108 Sou. 846.

Therefore, the order appealed from must be affirmed and it is so ordered.

Affirmed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.

---

### REHEARING DENIED.

PER CURIAM.—In this case there has been filed a petition for rehearing on the judgment entered after rehearing had been granted and exercised pursuant to the original disposition of the case here.

Petitioners contend that the order granting the new trial

should be reversed because when motion for new trial came on to be heard by the trial judge and in rendering his judgment thereon the learned judge said "the court having heard argument of counsel, and being of opinion that while there was no error in the charge of the court with respect to the measure of damages, it appearing to the court that under the promissory note given by the plaintiff to the defendant, to which the certificate for 300 shares of stock in Clarence Saunders Corporation was attached and pledged as collateral it was provided that the pledgee, in the event of default of the pledgor, under the terms of said note should have the right to sell the said collateral without notice to the pledgor, and the court being of opinion that said condition of said note constituted a valid waiver on the part of the pledgor of the statutory provision for ten days' notice of sale of the collateral, and being otherwise fully advised in the premises, it is thereupon Considered and Ordered:" * * *

The petitioner contends that the construction by the trial judge of the statute under consideration was erroneous, and that by affirming the order granting a new trial this court has approved the construction of the effect of statute as stated by the trial judge in the preamble to his order. Such is not the case. In the original opinion the case was treated on the theory that conversion was alleged and was admitted by the plea of set-off, but that the plaintiff had failed to establish resulting damages.

On rehearing we held in effect that there was some, but unsatisfactory proof of damage, and that because of the unsatisfactory character of such proof the motion for new trial was not erroneously granted, although not granted on that ground.

We have not, and do not now determine the question as to whether or not the notice required by the provisions of Section 4845 Revised General Statutes (Sec. 6931 Com.

Gen. Laws) may be waived by stipulation contained in the original contract under which collateral security is deposited and held.

Rehearing is denied.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND BROWN, J., dissent.

BUFORD, C.J. (Dissenting).—In this case the order on motion for new trial presents but one question, and that is a question of law which is, "may a borrower by stipulation in the agreement under and with which he deposits collateral security waive the notice required under the provisions of Section 4845 Revised General Statutes (Sec. 6931 Com. Gen. Laws).

In Walters Realty Company v. Miami Tripure Water Company, 100 Fla. 221, text 224, 129 South. Rep. 763, this Court said:

"This Court has consistently held on a writ of error to an order granting a motion for a new trial that only such matters will be considered as are involved in the order. See Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 So. R. 1; Owens v. Wilson, 58 Fla. 335, 50 So. R. 674; Beverly v. Hardaway, 66 Fla. 177, 63 So. R. 702; Carney v. Stringfellow, 73 Fla. 700, 74 So. R. 866."

This enunciation has been followed by this Court in many cases and therefore it appears to me that it is necessary for us to here construe the provisions of the statute above referred to and upon that construction alone base our order disposing of this case.

BROWN, J., concurs.

---

ON MOTION FOR NEW TRIAL.

PER CURIAM.—In an action in the Circuit Court brought by Scott against the bank to recover for the alleged conversion of corporation stock that had been placed in the bank as collateral security for a loan, Scott obtained a judgment and the trial court granted a new trial, which

order was, on writ of error under the statute, affirmed. See foregoing opinion, reported in 139 So. 370; 142 So. 650, 143 So. 444.

The motion for new trial herein included grounds that the verdict is contrary to law, contrary to the evidence, is excessive; that the court erred in stated rulings on testimony concerning the market price of the stock alleged to have been converted; in charges on the measure of damages, and other charges.

A motion for new trial should be granted by the trial court if any ground of the motion considered with the whole record in the cause warrants the granting of the motion. Likewise on writ of error taken under the statute to an order granting a new trial in an action at law, the order should be affirmed if any ground of the motion for new trial, considered with the entire record in the cause, sustains the order, even though the trial court states one or more grounds of the motion as being the basis for the order and such ground or grounds be held by the appellate court to be sufficient to sustain the order. The order covers all grounds of the motion, and the specification of one or more grounds as being the basis or the reason for the answer does not modify the legal effect of the order as covering all grounds of the motion. If in specifying the grounds of the motion on which a new trial is granted, the other grounds of the motion are impliedly held by the trial court to be insufficient to sustain the order, a writ of error taken to the order granting a new trial authorizes the appellate court to "review the said order," and as the order covers all the grounds of the motion, the appellate court should affirm the order if any ground of the motion considered in the light of the entire record in the cause is legally sufficient to sustain the order, no matter how many other grounds of the motion

are by the trial court or by the appellate court held to be insufficient to sustain the order granting a new trial.

The order granting a new trial is as follows:

"The above entitled cause having come on this day for hearing on the motion for a new trial filed by the defendant, and the Court having heard argument of counsel, and being of opinion that while there was no error in the charge of the Court with respect to the measure of damages, it appearing to the Court that under the promissory note given by the plaintiff to the defendant, to which the certificate for 300 shares of stock in Clarence Saunders Corporation was attached and pledged as collateral, it was provided that the pledgee in the event of default of the pledgor, under the terms of said note should have the right to sell the said collateral without notice to the pledgor, and the Court being of opinion that said condition of said note constituted a valid waiver on the part of the pledgor of the statutory provision for ten days' notice of sale of the collateral, and being otherwise fully advised in the premises, it is thereupon

CONSIDERED AND ORDERED:

1. That the said motion of the defendant for a new trial in said cause be and the same hereby is granted, and the verdict of the jury found in this cause is hereby set aside.

2. That the exception of the plaintiff to the ruling of the Court in the premises, is hereby noted, and the plaintiff is allowed sixty days after the date of this order in which to prepare and present his bill of exceptions."

Chapter 4376, Acts of 1895, enacted:

"That in all cases in which any contract, obligation, security or evidence of indebtedness shall be pledged or deposited as security for the payment of any indebtedness, the person or corporation to whom the same may be pledged, hypothecated or transferred, and their assigns, shall have the power to sell the same, in such manner, and on such terms as may be agreed upon in writing by the parties at the time of making the pledge, and

such sale shall vest in the purchaser or purchasers, the title in and to said pledges, collaterals or securities.''

Chapter 5905, Acts of 1909, added to the section of Chapter 4376 the following:

"Provided, Ten days' notice of said sale be given to the party pledging the same.'' See Section 6931 (4845) C. G. L.

The purpose of the statute as amended is to state the law of this State to be that a ".person or corporation" to whom any contract, obligation, security or evidence of indebtedness shall be pledged or deposited as security for the payment of any indebtedness "and their assigns shall have the power to sell the same" as may be agreed upon in writing at the time of making the pledge; "provided, ten days' notice of said sale be given to the party pledging the same." See Black v. First Natl. Bank of Brooksville, 97 Fla. 19, 119 Sou. 521. The statutory requirement of ten days' notice of a sale cannot legally be waived when making the pledge. In this case the writing evidencing the pledge purports to waive notice of sale to the pledgor, and such attempted waiver is inoperative. A sale without giving required notice to the pledgor under such an instrument of pledge is not authorized by law. The ground of the motion for new trial indicated by the trial court as the basis or reason for granting a new trial, is untenable, but there were other grounds of the motion for new trial that are material and should be considered.

Section 4615 (2905) Compiled General Laws, authorizes a writ of error to "the entry of an order granting a new trial at law," and provides that the appellate court "shall review said order." The order is predicated upon all the grounds of the motion for new trial, even though the trial court specifies one or more grounds of the motion for new trial as being the reason for the order. An order granting a motion for new trial necessarily covers

the entire motion upon which the order is made. When the trial court grants a new trial on specific grounds of the motion for new trial, the plaintiff in error may be entitled to a reversal of the order if the ruling as to the specified grounds be erroneous and not cured or rendered immaterial by other proceedings had, and other grounds of the motion for new trial are not sustained by the record as an entirety; see Feinberg v. Stearns, 56 Fla. 279, 47 So. 797; G. S. & F. Ry. vs. Hamilton, 63 Fla. 150, 58 So. 838; Nathan vs. Thomas, 63 Fla. 235, 58 So. 247; P. U. Ins. Co. v. Bigelow, 48 Fla. 105, 37 So. 210; yet the defendant in error is entitled to an affirmance of the order granting a new trial, if the court would have been warranted in granting a new trial on *any* ground of the motion for new trial, when considered in connection with the whole record in the cause, whether such ground is specifically mentioned in the order or not. See Aberson v. A. C. L. R. R. Co., 68 Fla. 196, 67 So. 44; Lockhart v. Butt-Landstreet, 91 Fla. 479, 107 So. 641; Anthony Farms Co. v. S. A. L. Ry., 69 Fla. 188, 67 So. 913; Chency vs. Roberts, 77 Fla. 324, 81 So. 475. Otherwise the defendant in error would have a decision of the appellate court against him on erroneous rulings of the trial court that he had no opportunity to combat as he would have had by writ of error to a final judgment if a new trial had been denied by the trial court. This is true because the statute provides that if an order granting a new trial is reversed on writ of error, the appellate court "shall direct final judgment to be entered in the court below, for the party who had obtained the verdict in the court below, unless a motion in arrest of judgment or for judgment *non obstante veredicto,* shall be made and prevail." An arrest of judgment or a judgment *non obstante veredicto* would be predicated on the pleadings, leaving *other matters* arising in the trial foreclosed by the reversal of the order granting a new trial, as

to which *other matters*, though incorporated in the motion for new trial, the party against whom the verdict was rendered would have no opportunity for an appellate review if the appellate court does not affirm the order granting a motion for new trial when any ground of the motion that is material and insisted on, warrants an affirmance of the order granting a new trial. In Nathan v. Thomas, supra, the ground of the motion that was considered controlled the disposition of the cause without reference to other grounds of the motion for new trial.

While legal and relevant testimony that is admitted and not controverted should be given its appropriate probative effect by the jury in rendering its verdict, yet the ultimate determination of the legal effect of the testimony so adduced, is a judicial question to be determined by the trial court on motion for new trial by a due consideration and application of controlling principles of law, subject to appropriate review by proper appellate procedure.

If the testimony did not duly prove the fact in issue according to pertinent principles of law, it is within the power and province of the trial court on a motion for new trial, subject to appellate review, to adjudge the fact in issue to be not duly established, even though the testimony was legally admissible and was not controverted at the trial and even though it was found by the jury in rendering the verdict that the testimony was sufficient to prove the issue of fact.

In this case one of the issues to be proved by the plaintiff was the value of the corporate stock within a reasonable time after the alleged unlawful conversion of the stock by the defendant. The stock was sold by the defendant for $18.00 per share on February 7, 1928.

The testimony shows that the plaintiff had undertaken but failed to sell the stock at $15.00 per share; and that on the day it was sold, February 7, 1927, plaintiff offered to

purchase it at $15.00 and $18.00 per share. There was testimony that some of the stock was sold elsewhere in February, 1928, at $25.00 per share and that the stock was quoted later at $40.00 per share and at $50.00 per share in June; and in August and September "between $50.00 and $60.00" per share. The legal effect of the testimony as a whole was not to prove the value of the stock within a reasonable time within which to replace the stock after the alleged conversion in February, 1928, to be as much as $41.00 per share as apparently was found by the verdict. As the motion for new trial contained grounds that the verdict is contrary to the law and to the evidence, and is excessive, and as the legal effect of the evidence does not sustain the amount of the verdict, it is manifest that there are grounds of the motion legally sufficient to sustain the order granting a new trial, even though the ground referred to by the trial court as being the basis for the order, is found by this Court to be untenable as matter of law.

This Court in reviewing the order on writ of error, should affirm the order when any ground of the motion warranted the order granting a new trial. In law the order covers every ground of the motion for new trial, and the order should not be reversed unless no one of the grounds of the motion for new trial that are duly presented for consideration by the appellate court, is legally sufficient to sustain the order granting a new trial.

Affirmed.

Davis, C.J., and Whitfield, and Terrell J.J., and Johnson, Circuit Judge, concur.

Buford, J., dissents.