330 So.2d 59 (1976)
Sylvester P. SMITH and Richard Person, Appellants,
v.
STATE of Florida, Appellee.
No. Y-340.
District Court of Appeal of Florida, First District.
April 13, 1976.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellants were charged with robbery and were tried on April 28, 1975. The court instructed the jury on the crime charged and the lesser included offenses of grand larceny and petit larceny. Appellants' request for instructions to the jury on the penalties for the foregoing offenses was refused. The jury retired and, without requesting any additional instructions, returned verdicts of guilty of grand larceny against both appellants. The jury was discharged without being polled (there was no request for polling) and appellants were adjudged guilty of grand larceny and given maximum sentences  five years in the state prison. The following day, April 29, the Lake City Reporter published an article *60 relating that "In a totally unexpected move," the jury found appellants guilty "only of grand larceny, despite testimony they held guns to the throats of the victims." The article further related that the judge was "all set to give [the appellants] life imprisonment if they were convicted of armed robbery," the jury returned to "shock the courtroom with the grand larceny conviction."
On May 2 the state attorney filed a petition alleging that the jury erroneously believed that grand larceny was the maximum offense available under the charge and requested that a hearing be held to determine the validity of its allegations. He asked that the court either allow the jury to reconsider its verdict or grant a new trial. Over the objection of appellants, the trial judge held a hearing on the same day and took the testimony of the jurors. All six jurors testified that they had unanimously voted to convict appellants of armed robbery, but that since there was no verdict form for armed robbery (only a form for robbery), they decided that grand larceny was the highest offense they could bring in, so they returned the verdict of guilty of grand larceny; that they realized their mistake when they read or heard about the newspaper article.
The court granted the state's petition to set aside the order discharging the jury and directed the jury to reconsider its verdict. The jury then returned verdicts of guilty of robbery and appellants were sentenced to life imprisonment. Appellants' motion to vacate the judgments and sentences was denied and this appeal was taken.
Although it was within the trial court's discretion to grant or deny appellants' motion to charge the jury on the penalties for robbery and the lesser included offenses, had the court granted rather than denied such motion, it would probably have eliminated the jury's confusion and the jury's error would thus probably have been forestalled. Also, had the state requested that the jury be polled when it returned to the courtroom with the grand larceny verdict, the jury's error would probably have been forestalled. After the jury was discharged, however, (and judgments and sentences were pronounced) it thereafter was too late to make the correction. The jury could not be recalled to consider any matter which did not inhere in the verdict, such as that a juror did not assent to the verdict or that he misunderstood the instructions of the court. Marks v. State Road Department, Fla., 69 So.2d 771 (1954). As stated by our sister court, the District Court of Appeal, Second District, in State v. Smith, Fla.App. (2d), 183 So.2d 34 (1966):
"If the jury had been properly polled and the trial judge found that there was a dispute or disagreement as to the verdict returned, he could have sent the jury back to bring in a proper verdict. A jury should be polled before it is discharged, because upon discharge, its members lose their separate identity as a jury, and can be affected by extra-trial influences."
Quoting from the opinion of the Supreme Court in Russ v. State, Fla., 95 So.2d 594 (1957), the Second District Court in State v. Smith went on to say:
"`It is a long established and generally accepted doctrine that testimony or affidavits of jurors impeaching a verdict rendered by them will not be received and considered where the facts shown therein are such as to inhere in the verdict. Langford v. King Lumber & Mfg. Co., 1936, 123 Fla. 855, 167 So. 817; City of Miami v. Bopp, 1934, 117 Fla. 532, 158 So. 89, 97 A.L.R. 1035; Linsley v. State, 1924, 88 Fla. 135, 101 So. 273.'"
In addition, upon the trial court's acceptance of the jury's larceny verdicts and its pronouncing sentence thereon, former jeopardy attached under the Fifth *61 Amendment of the United States Constitution and the sentence which had been imposed could not thereafter be increased nor could appellant be again tried for another offense based on the same criminal transaction. Troupe v. Rowe, Fla., 283 So.2d 857 (1973); Ray v. State, Fla., 231 So.2d 813 (1969).
The cause is reversed and remanded with directions to vacate and set aside the convictions and sentences of appellants for robbery and to reinstate the judgments and sentences for grand larceny.
SMITH, J., and FULLER, RICHARD S., Associate Judge, concur.