SHIVERS, Judge.
Appellant carrier appeals final judgment awarding appellee insured $15,000 in compensatory damages on simple breach of contract count. The carrier, Florida Farm Bureau Casualty Insurance Company (Farm *710 Bureau), contends the trial court erred: a) by denying Farm Bureau’s motion for directed verdict on this count, and b) by denying Farm Bureau’s motion for judgment in accordance with such motion for directed verdict. We affirm.
On July 13, 1975, appellee Evans was involved in an automobile accident when his car was struck from the rear by a car driven by Margaret Glenn and was injured as the proximate result of Glenn’s negligence. At the time of the accident, Glenn was insured by Government Employees Insurance Company (GEICO) in the amount of $10,000. Evans was insured by Farm Bureau with, among other things, $25,000 in uninsured motorist coverage.
On March 1, 1977, Evans filed suit against Farm Bureau, claiming uninsured motorist benefits and alleging simple breach of contract and tortious breach of contract. Evans alleged that Farm Bureau had breached the insurance contract by unreasonably withholding its consent to allow Evans to either settle or proceed to judgment against Glenn and GEICO. Under the terms of the policy, the insured forfeited the uninsured motorist benefits if he either settled or proceeded to judgment without Farm Bureau’s written consent.
After two interim appeals by appellee [Evans v. Florida Farm Bureau Casualty Insurance Company, 355 So.2d 149 (Fla. 1st DCA 1978) and 384 So.2d 959 (Fla. 1st DCA 1980) ] and a summary judgment in his favor on his uninsured motorist claim for $9,216.63 ($25,000 underinsured motorist benefits minus: $10,000 from GEICO, $5,000 PIP payments and $783.37 medical expenses payments), a jury trial was held on the issue of breach of contract and tor-tious breach of contract. Farm Bureau moved for a directed verdict at the close of Evans’ case and again at the close of all evidence, both of which were denied by the trial court. On December 4, 1980, the jury returned a verdict in favor of Evans for $15,000 in damages on the simple breach of contract claim and a verdict in favor of Farm Bureau on the tortious breach of contract claim. On December 11, 1980, Farm Bureau moved for judgment in accordance with its motion for directed verdict which was denied by the trial court. Final judgment was entered on April 29, 1981.
There is ample evidence supporting the trial court’s denial of the carrier’s motion for directed verdict. As we noted in a prior appeal of this case, appellant Farm Bureau had a duty to act reasonably with appellee Evans regarding the issue of consent. Evans v. Florida Farm Bureau, 384 So.2d 959 (Fla. 1st DCA 1980). A perusal of the record manifests that Farm Bureau unreasonably or arbitrarily withheld its consent.
We further affirm the award of compensatory damages.
Although the jury did not err in awarding some compensatory damages to the appellee, e.g., the loss of use of the money for approximately four years, the question of the excessiveness of the jury verdict was never brought to the attention of the court.
In its Motion for Judgment in Accordance with the Motion for Directed Verdict, appellant alleged in part: “Plaintiff failed to present any evidence whatsoever which is legally sufficient to show that he sustained any compensatory damages, the nature of any damages, or to establish a causal connection between the alleged breach of contract and any compensatory damages.” This motion was entirely consistent with appellant’s prior motion for directed verdict, sought first at the conclusion of plaintiff’s case, and renewed at the conclusion of all the evidence, in which appellant merely asserted that the case should not go to the jury because plaintiff had failed to demonstrate any damages. The court’s order was a simple denial of the renewed motion for directed verdict.
The principles that govern the granting of a motion for directed verdict are of course altogether dissimilar from those relating to the granting of a motion for new trial. As to the former, the motion should be allowed only if the evidence would not be legally sufficient to sustain a *711 verdict for the opposite party; however, a new trial may be granted on evidence which is contrary to the manifest weight of the evidence. Aberson v. Atlantic Coast Line Railroad Co., 68 Fla. 196, 67 So. 44 (1914). This distinction is important. Here there was some evidence of damages that was legally sufficient to take the case to the jury. If the verdict was contrary to the weight of the evidence, a motion for new trial is the proper vehicle by which the question of the excessiveness of the jury’s verdict should have been brought to the trial court’s attention. Davis v. Ivey, 93 Fla. 387, 112 So. 264 (1927); Staib v. Ferrari, Inc., 391 So.2d 295 (Fla. 3d DCA 1980). Had such issue been appropriately presented to the trier of fact, the lower court might conceivably, within an exercise of its discretion, have ordered either a remittitur or a new trial on the issue of damages only. Yet, it was never furnished this opportunity — as indeed it could not have by motion for directed verdict before the entry of the verdict.
The cases are legion which hold that in order to obtain a review on appeal on the question of the adequacy or excessiveness of a verdict, the question must be presented to the trial court by a motion for new trial, a ruling must be entered adverse to the movant, and a point raised on appeal directed to the court’s action in denying a motion for new trial on such ground. See, e.g., Guarria v. State Road Dept., 117 So.2d 5 (Fla. 3d DCA 1960); Fendrick v. Faeges, 117 So.2d 858 (Fla. 3d DCA 1960), cert. denied, 123 So.2d 350 (Fla.1960); Tampa Transit Lines, Inc. v. Smith, 155 So.2d 557 (Fla. 2d DCA 1963).
AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.