OCALA IRON WORKS, A CORPORATION, *Plaintiff in Error,* v. JAMES W. CROSBY AND M. J. ROESS, AS PARTNERS UNDER FIRM NAME OF CROSBY LUMBER COMPANY, *Defendants in Error.*

PRACTICE AND PROCEDURE—VERDICT CONTRARY TO CHARGE OF COURT—AFFIRMATIVE CHARGE.

1. Where the jury fails to heed the charges given by the court, and returns a verdict contrary to such charges, a new trial should be awarded.

2. Where the plaintiff fully makes out his case by the proofs, and the defendant wholly fails to meet the burden of proof to sustain the defenses pleaded, a peremptory charge to find for the plaintiff is proper and should be given if requested.

This case was decided by Division B.

Writ of error to the Circuit Court for Marion County.

The facts in, the case are stated in the opinion of the court.

*L. N. Green,* for Plaintiff in Error;

*H. M. Hampton,* for Defendant in Error.

TAYLOR, J.—The plaintiff in error as plaintiff below sued the defendants in error as defendants below in the Circuit Court of Marion County in an action of assumpsit upon an account for goods, wares and merchandise sold and delivered, the largest item on which account was one second hand locomotive engine sold to the defendants at the price of $1,800,00, the whole account totaling the sum

of $2,231.66, upon which there were credits amounting to $1,507.00, leaving a balance of $724.66, the amount sued for with interest. Among other pleas the defendants interposed the following:

"4. For a fourth plea in this behalf, defendants say that at the time of the commencement of this suit the plaintiff was indebted to these defendants in the sum of one thousand four hundred and forty dollars ($1440) upon debts and demands mutually existing between the parties, for moneys payable by the plaintiffs to the defendants, for this to-wit: On or about the first day of June, 1906, the Plaintiff, at which time its corporate name was Ocala Foundry & Machine Works, was engaged in the business of repairing locomotive engines and boilers, and doing a general foundry and machine business, and held itself out to be, and caused it to be known that it was engaged in such business, and as such was willing and able to do and perform all kinds of machine work and boiler repairs, and on said date the defendants were engaged in the business of sawing and cutting pine lumber at Martin, in said Marion County, and owned and operated saw mills at said place, and used in connection therewith a tram or log road running into the country over which saw logs were hauled to said mill, which was well known to the plaintiff, and on said date the plaintiff was the owner of a certain locomotive engine and boiler which on the day aforesaid, was in bad repair, wholly unfit for use in such business, and not capable of being used by defendants at said mills for the purpose of hauling logs, and on said date plaintiff covenanted and agreed to repair said locomotive engine and boiler, and put the same in first class condition, so that the boiler would stand a cold water pressure of 125 pounds, to put in a new flue sheet, a new crown sheet and a new set of flues, and in general to overhaul and repair the same, and to sell and deliver same to the defendants at

their said mills at and for the sum of $1,800. Defendants
say that afterwards, about the month of August, 1906,
plaintiff caused its corporate name to be changed from
Ocala Foundry & Machine Works to the name of plaintiff
herein, Ocala Iron Works, and afterwards, about the first
of September, 1906, pretending that it had so repaired
said locomotive engine and boiler, represented to, and in-
duced defendants to believe, that it had so repaired the
same according to its agreement, and then and there de-
livered the same to the defendants at said mills; that de-
fendants relying upon the ability of the plaintiff to do and
perform its work in a workmanlike manner and to perform
its agreements, according to the tenor and effect thereof,
and relying upon its representations that it had so re-
paired the same, then and there accepted the same, and
promised and agreed to pay to the plaintiff therefor the
sum of $1,800. and then and there paid to the plaintiff on
account thereof the sum of $1,200. Defendants aver that
plaintiff did not repair said locomotive engine and boiler
as it had agreed to do, did not put the same in first class
condition so that the said boiler would stand a cold water
pressure of 125 pounds, did not put in a new flue sheet and
a new set of flues, and did not overhaul and repair the
same as it had agreed to do, by reason whereof defendants
were unable to use the same at said mills for the purpose
of hauling logs, as aforesaid, and same was wholly unfit
for said work, and could not be used by defendants for
hauling logs or any other purpose in connection with said
mills; defendants say that at the time plaintiff delivered
the same to defendants, it well knew that the said locomo-
tive engine and boiler had not been repaired according to
its said agreement, and well knew that the same would
not be sufficient with which to haul logs to said mills, and
that such fact was wholly unknown to defendants, and de-
fendants say that in said transaction they relied wholly

upon the ability of the plaintiff to perform its contracts, and do and perform its work in a workmanlike manner, and upon its representations that it had so repaired the same, and that said agreement to so repair the same was the real consideration for said trade and the promise of defendants to pay therefor, and plaintiff's representations at the time of the delivery thereof that it had so repaired the same; defendants say that immediately, within two weeks after the date of the delivery thereof to defendants and their acceptance thereof, defendants ascertained that the said locomotive had not been repaired according to agreement, and then and there notified plaintiff thereof, and there demanded that it repair same according to said agreement, and defendants say that plaintiff then and there promised and agreed to so repair the same according to its contract, but notwithstanding such promises and agreements failed and neglected, and still fails and neglects to so repair same according to its agreement, and on or about the first day of February, 1907, plaintiff having failed to perform its said contract and repair said locomotive engine and boiler, defendants then and there abandoned the same, and notified plaintiff thereof, and afterwards, and before the commencement of this suit, defendants tendered to the plaintiff, and offered to deliver to it, the said locomotive engine and boiler; defendants say that said $1,200 was paid to the plaintiff under a mistake of fact, and relying upon the representations of plaintiff that it had so repaired said locomotive engine and boiler, and upon its ability to do and perform such work, and without any knowledge on the part of the defendants that plaintiff had failed and neglected to so repair the same so that the same could be used by defendants at said mills, and believing that plaintiff had so repaired the same according to its agreement, by reason whereof defendants say that plaintiff was at the time of the commencement of

this suit and now is indebted to defendants in the sum of twelve hundred dollars, together with interest thereon at the rate of 8% per annum from the date of payment thereof until paid, for moneys paid to plaintiff by mistake, as aforesaid, which these defendants are ready and willing to set off against any sum found to be due to the plaintiff by defendants in this action, and pray judgment for all sums of money found to be due them in excess thereof; and this the defendants are ready to verify."

The trial resulted in a verdict and judgment in favor of the defendants in the sum of $475.34, and to review this judgment the plaintiff below brings the case here by writ of error.

Among other grounds of the motion for new trial that was denied by the court below and which ruling is assigned as error, are the following that the verdict was contrary to the evidence, and without the necessary evidence to support it, and was contrary to the charges given by the court. These grounds of the motion for new trial are well taken and upon such grounds said motion should have been granted. The only bone of contention between the parties was as to the second hand engine or locomotive, and upon this issue the court, among other charges, gave the following: "If you find plaintiff agreed with defendant to put the engine or locomotive in certain condition of repair and it did not do so, then the plaintiff is responsible to the defendant for what-ever sum is required to put the same in the condition that was agreed it should be put, and it would be the duty of the defendant to show you what it would cost to put the locomotive engine in the condition that it was agreed it should be, and if the defendant has not shown the same, and the evidence fails to show it, then you can make no deduction from what the plaintiff proves is due it. If the locomotive engine was to be put in a certain condition of repair, and plaintiff did

not put it in the condition agreed, then defendant can recover from the plaintiff what ever sum was necessary to put it in the condition that was agreed on it should be, and it is incumbent on defendant to furnish you with evidence showing what the amount would be, and if it the evidence does not show it, you cannot allow it."

"If the contract was to put the engine in first class condition and did not then the defendant can recover whatever sum is necessary to put it in such condition, and the defendant must show what other or further sum would be required, and if it does not appear from the evidence then you cannot make the allowance."  ·

"If you should believe the defendants have been damaged by failure of plaintiff to repair and put the locomotive in the condition as agreed upon, and also, if you should believe them entitled to a set off against plaintiffs claim because of such fact and the charges the court has given you, yet, even in that event, the defendants are only entitled under their defense made in the 3rd plea to have a set off to the extent they have been legally damaged, and it rested on them to show in dollars and cents as it were, how much this amounted to, and in arriving at this amount they are only entitled to whatever sum it would have cost them to repair and place in the condition agreed upon between Anderson and Crosby the locomotive in question and at the time the same was first placed in operation after defendants had received it, and if the evidence fails to thus show you in dollars and cents as it were, what it would have cost to make said repairs you cannot allow defendants any thing for their alleged damages by reason of the asserted neglect of plaintiff to repair as agreed. And in this particular you are to understand you are to give no consideration whatever to any evidence tending to show said locomotive was unable to do the work exacted of it by the defendants or anyone else."

These charges under the facts in proof stated the law correctly, and the defendants wholly failed to meet the burden of proof of their defense thereby imposed upon them. There was no proof as to what it would have cost to have repaired said locomotive according to the alleged agreement between the parties, and in view of these charges the court should have given the peremptory charge No. 10 requested by the plaintiffs. The court should also have given the following charge No. 11 requested by the plaintiff:

"If you believe from the evidence that some time after defendants had received this locomotive they were requested to pay their account by the plaintiff and did pay twelve hundred dollars thereon, and further if the defendants or either of them knew or could have known by the use of reasonable diligence on or before the time such payment was made the locomotive had not been repaired as had been agreed upon, then they cannot be allowed to recover any part of said twelve hundred dollars under the defense set up in their plea number four." This charge states the law correctly arising out of the facts in proof and the court erred in not giving it.

The court also erred in refusing to give the charges numbered twelve and thirteen requested by the plaintiff.

At the trial it was shown that after using the engine in dispute for several months the agents of the defendants in charge of said engine collided therewith with another engine very seriously damaging the former. In order to bring out these facts the plaintiff asked one Bouvier, one of its witnesses, what was the condition of the locomotive when he last saw it—but the court refused to allow this question on objection by the defendants. This was error. The evidence sought to be elicited thereby was pertinent to the issues and should have been received.

For the errors found the judgment of the court below in said cause is hereby reversed at the cost of the defendants in error.

HOCKER and PARKHILL, J. J. concur.

WHITFIELD, C. J. and SHACKLEFORD and COCKRELL J. J. concur in the opinion.