ATLANTIC COAST LINE RAILROAD COMPANY v. T. W. MCILVAINE as Administrator *cum testamento annexo de bonis* of the Estate of J. H. Brown Scheuyeaulle, Deceased.

163 So. 496.

Opinion Filed September 3, 1935.

Rehearing denied October 14, 1935.

*W. E. Kay* and *Doggett & Doggett,* for Plaintiff in Error; *Evan Evans,* for Defendant in Error.

TERRELL, J.—This is an action by his executor to recover damages for the wrongful death of J. H. Brown Scheuyeaulle. The cause was reversed on a former writ of error because the trial court directed the jury to find the defendant guilty of negligence. Such an instruction took from the jury their prerogative to determine the question of the proximate cause of the accident which was clearly erroneous. Atlantic Coast Line Ry. Co. v. Webb, 112 Fla. 449, 150 So. 741.

When the mandate went down a second trial was held, resulting in a verdict for the defendant. A motion for new trial was made and granted, the trial court giving as his reason therefor that the verdict was contrary to the mani-

fest justice of the cause, that it was contrary to the un-contradicted evidence, that it was contrary to law, that it affirmatively appeared that the defendant was negligent in the operation of its train, and that it did not appear to the trial court that any of said matters' were properly considered by the jury. The instant writ of error is from the order granting a new trial.

It is contended by plaintiff in error that when the cause was reversed with directions for new trial and retried as directed, the trial court was without power to grant a new trial because the verdict of the jury was conclusive. In other words, plaintiff in error contends that the opinion of this Court was of such effect as to make the verdict of the jury in the second trial final.

No question is better settled under our system of jurisprudence that that the trial court is without power to invade the province of the jury in its determination of questions of fact. On the other hand, when the trial court concludes that in the determination of question of fact the jury did not consider the evidence or the charges of the court with reference thereto sufficiently or that it ignored material evidence pertinent to the interest of either party it becomes his duty to grant a new trial.

If the trial court had granted the new trial solely on the ground that he disagreed with the jury as to the weight or sufficiency of the evidence, or that he entertained different views as to its probative effect, then the contention of plaintiff in error would be well supported but this cannot be when his decision is based on the fact that the jury failed to give due consideration to the evidence and rendered its verdict contrary to law, the justice of the cause, and the manifest weight of the evidence.

It is contended by appellant that the instruction of this

Court through its mandate in the former trial, when followed by the jury, amounted to a determination of the issues in the instant case. It cannot be questioned that the order of this Court amounted to an instruction to the trial court to submit the evidence by new trial to another jury but it did not bind him to concur in the jury's verdict or preclude him from entertaining a motion for new trial if properly predicated.

The order of this Court granting a new trial in no respect affected the issues to be tried or the rules governing court and jury with reference to the trial. The order for new trial was based on errors committed and the new trial was subject to judicial review in like manner as the former trial. The issues in this case were involved. The jury had before it the question of negligence, contributory negligence, comparative negligence, and the presumption against the defendant raised by Section 4964 Revised General Statutes of 1920, Section 7051, Compiled General Laws of 1927. It would be going a long journey to hold that a jury trial so laden would not be subject to judicial review. We are aware of no authority for such a holding.

Trial courts have a broad discretion in granting motions for a new trial. To warrant an appellate court in disturbing an order of the trial court granting a new trial, it must clearly appear, either that there has been an abuse of sound discretion resulting in injustice, or, that some settled principle of law has been violated. City of Miami v. Bopp, 117 Fla. 532, 158 So. 89; Woods v. A. C. L. Ry. Co., 100 Fla. 909, 130 So. 601; Zigler v. Erler Corp., 102 Fla. 981, 136 So. 718; Cason v. Florida Power Co., 74 Fla. 1, 76 So. 535.

The evidence adduced at the present trial was in all material respects the same as that adduced at the former trial.

It is ample to support the reasons given by the trial court for his order granting a new trial and feeling so, it was his duty to grant it. A verdict is always subject to review if it is made to appear that material elements essential to its making have been overlooked, omitted, or ignored. It is not subject to be set aside on review merely for the reason that the court and the jury entertain different views as to the probative effect of these elements.

The judgment below is, therefore, affirmed.

Affirmed.

WHITFIELD, C. J., and BROWN, BUFORD, and DAVIS, J. J., concur.

## ON REHEARING

PER CURIAM.—A petition for rehearing having been filed in this cause and such petition having been duly considered, it is ordered and adjudged by the Court that the said petition for rehearing be and the same is hereby denied.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—As the evidence on the second trial of this case was substantially the same as on the first, I think a rehearing should be granted in this case, in view of what was said in the opinions of the court on the former appeal, one of which was written by Mr. Justice WHITFIELD and the other by the writer, with regard to the evidence, to the effect that on the first trial the court should have submitted the question of proximate cause to the jury, as, upon the evidence, even assuming that both parties were guilty of negligence, reasonable men might differ as to what inferences might be drawn therefrom as to whether or not the plaintiff's negligence or that of the defendant, or the concurrent negligence of both, constituted the proximate

cause of plaintiff's injury. See Atl. Coast Line v. Webb, 112 Fla. 449, 150 So. 741. If, as was held before, it was error, on this evidence, for reasons given in the opinions, to direct a verdict for plaintiff would it not be likewise error to grant a motion for new trial when the jury found for defendant? In other words, has not this Court decided that the question in this case was purely a jury question—a question, as we held before, upon which reasonable men might differ? I am inclined to think so. If so, it would seem to follow that the trial judge should not only have submitted the question to the jury for their decision, as he did do, but should have left their decision of it undisturbed; the opinions and decision of this court on the former writ of error having become "the law of the case."