D. M. WILLIAMS v. W. H. CANNON.

171 So. 308.
Division B.
Opinion Filed December 10, 1936.

*Millard B. Conklin,* for Plaintiff in Error;

No appearance for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of the plaintiff in an action in trover and conversion.

The record shows that plaintiff sold and delivered to the defendant a certain boat and certain personal property thereon. The total contract purchase price was $500.00, payable as follows:

"Cash on delivery One Hundred Fifty ($150.00) Dollars.

"The balance of Three Hundred Fifty ($350.00) Dollars, payable as follows:

"1.   Thirty Dollars ($30.00) one month after date.
"2.   Fifty Dollars ($50.00) on July 1st, 1934.
"3.   Thirty Dollars ($30.00) two months after date.
"4.   Thirty Dollars ($30.00) three months after date.
"5.   Thirty Dollars ($30.00) four months after date.
"6.   Thirty Dollars ($30.00) five months after date.
"7.   Thirty Dollars ($30.00) six months after date.
"8.   Thirty Dollars ($30.00) seven months after date.
"9.   Thirty Dollars ($30.00) eight months after date.
"10.   Thirty Dollars ($30.00) nine months after date.
"11.   Thirty Dollars ($30.00) ten months after date."

There was no retention of the title in the seller by the terms of the contract.

The contract contained the following clause:

"In the event of a default of the purchaser in complying with the terms of payment hereof, the seller may take immediate possession of said property, and for this purpose seller may enter upon the premises where said property may be and remove the same; thereupon all rights of purchaser

hereunder in said property and in the payments theretofore made shall terminate absolutely.

"Seller may resell said property so retaken at public or private sale without demand for performance, with or without notice to the purchaser and with or without having such property at the place of sale, and upon such terms and in such manner as seller may determine, and to that end may make such repairs as seller deems necessary; and seller shall have the right to bid at any public sale."

Default occurred in the deferred payments. Plaintiff went upon the boat and without legal process, took possession with the tacit consent of defendant's servant. Defendant returned and had plaintiff arrested and removed from the boat and defendant continued in possession. Later, the plaintiff finding another servant of defendant in possession of the boat, again took possession and posted a notice thereon warning that anyone trespassing thereon would be prosecuted. Within a few minutes after the posting of the notice and when plaintiff had left the boat, defendant returned to the boat, tore down the notice and continued in possession.

The only right or interest the plaintiff had in the property was the right to proceed under the terms of the contract to possess and sell the property to enforce the payment of the balance due him. That balance was $284.00, with interest thereon.

The verdict was for $1,250.00, an amount far in excess of the amount claimed by the plaintiff in his amended declaration and amended bill of particulars and fully four times as much as the value of the special interest in the property, if any, retained by the plaintiff.

When considering the motion for new trial, the trial judge said that "he was shocked when the verdict was

brought in; he thought from the evidence that a verdict of $350.00 would have been proper. When the jury went out it apparently disregarded all the evidence and arbitrarily brought in a verdict of $1,250.00."

The court denied motion for new trial on condition that remittitur be entered for $750.00 within five (5) days. Remittitur was accordingly entered.

The motion for new trial should have been granted on authority of the opinions and judgments in the cases of Florida Railroad Company v. Genser, *et al.*, 14 Fla. 122; A. C. L. Ry. Co. v. McIlvaine, 121 Fla. 78, 163 Sou. 496. and cases there cited.

On authority of those opinions and judgments, the judgment is reversed and the cause remanded for a new trial.

So ordered.

Reversed and remanded for new trial on question of amount of damages.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.