59 So.2d 851 (1952)
HENSLEY
v.
PALMER.
Supreme Court of Florida, Division B.
July 8, 1952.
Rehearing Denied August 7, 1952.
Nichols & Whitehurst, Clearwater, for appellant.
Thompson & Cooper, Clearwater, for appellee.
ROBERTS, Justice.
We here consider a motion to dismiss an appeal taken from an order entered in proceedings instituted in the court below by the appellee to foreclose in equity a mechanic's and materialman's lien. The cause was transferred to the law side of the court upon appellant's motion to dismiss and was thereafter re-transferred to equity upon motion of the appellee. It is the order retransferring the cause to equity which is the subject of this appeal, the dismissal of which has been moved by appellee.
Except as specified by statute, appeals at law lie only from final judgments. Section 59.02(1), Florida Statutes, F.S.A. "A judgment is `final' for the purposes of an appeal when it terminates a litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." *852 Hillsboro Plantation, Inc., v. Plunkett, Fla., 55 So.2d 534, 536. Manifestly, the order sought to be reviewed  even assuming such an order to be authorized under our practice  does not meet this test.
The appellant argues, however, that even if the order is not a "final judgment," this court may treat the appeal as a petition for certiorari and proceed to a review of the order under the provisions of Section 59.45, Florida Statutes, F.S.A., that "If an appeal be improvidently taken where the remedy might have been more properly sought by certiorari, this alone shall not be a ground for dismissal; but the notice of appeal and the record thereon shall be regarded and acted on as a petition for certiorari duly presented to the supreme court."
This contention might have merit if we were here concerned with an "appeal" from an interlocutory order in chancery, since this court is expressly authorized to review such orders by Section 59.02(3), Florida Statutes, F.S.A.; and Section 59.45, supra, has its principal application in relieving an attorney of the burden of deciding whether a chancery order which he wishes to have reviewed by this court is final or interlocutory, and thus whether he must proceed by way of an appeal or by way of "proceedings in the nature of certiorari" under Section 59.02(3) and 30 F.S.A. Rule 34 of the Supreme Court Rules.
But we do not understand that the provisions of Section 59.45 may be invoked to confer upon this court jurisdiction to review orders and judgments of the law courts of this state in any and all cases where an appeal will not lie, and we do not think that the Legislature so intended. In those cases where the showing made on the "appeal" is sufficient to invoke this court's organic power to issue the common-law writ of certiorari to review proceedings at law below, then the provisions of Section 59.45, supra, will save the "appeal." But in the absence of such a showing, the statute is ineffective to do so. No such case has been here made.
Accordingly, the motion to dismiss is granted and the appeal is dismissed.
It is so ordered.
SEBRING, C.J., MATHEWS, J., and TAYLOR, Associate Justice, concur.