SEBRING, Justice.
Jack R. Rosen was killed and Norman J. Rosen and Richard I. Rosen, minors, were injured, as the result of a railroad crossing accident. B. H. Meyer, as executor, d. b. n., of the estate of Jack R. Rosen, and as next friend of the minor children, brought suit against the railroad company involved to recover damages for the wrongful death. The verdict was for the defendant. The plaintiffs 'filed a 19-ground motion for a new trial. The trial court entered an order in which it granted the motion for new trial on grounds 2, 4, 7 and 15, without mention of the remaining grounds of the motion. The defendant appealed from the ruling assigning as error the entry of the order granting the new trial. The plaintiffs filed a .cross-assignment of error assigning as ground of error the refusal of the trial court to grant the 18th ground of the motion for new trial, which ground was directed to the refusal of the trial court to admit certain testimony that had been proffered at the trial by the plaintiffs. •
The matter is now before this Court on a motion of the appellant to strike the cross-assignment of error from the record, on the ground that the matter assigned as error is not arguable on this appeal.
It is the general rule that an appeal will lie only from, a final judgment or decree, Hensley v. Palmer, Fla., 59 So.2d 851, unless provision is made by rule or statute for an appeal from an interlocutory order. Ruff v. Georgia S. & F. R. Co., 67 Fla. 224, 64 So. 782; Central Hanover Bank & Trust Co. v. Pan-American Airways, 126 Fla. 736, 171 So. 808; Howard v. Ziegler, Fla., 40 So.2d 776. The appeal at bar is from an interlocutory order, namely, an order granting a motion for new trial. Such an appeal is allowable only because of the existence of a specific statute granting such right of appeal. Section 59.04, Florida Statutes 1951, F.S.A. In order to determine the scope of such an appeal resort must be had to the terms of the applicable statute.
Section 59.07(4), Florida Statutes 1951, F. S.A., sets out specifically the scope of an appeal from an order granting a new trial. It provides, “In every case in which the trial court shall enter an order granting a motion for a new trial, the trial judge shall indicate in the order granting said motion the particular ground or grounds upon which said motion was granted, and upon appeal from any such order, if taken under the statutes providing for appeal from orders granting new trials, no other grounds than those specified by the trial judge, as a basis for the order granting the new trial, shall be considered as arguable upon said appeal.”
As will be seen from the language used in the statute, where an appeal from an order granting a new trial is “taken under the statutes providing for appeal from orders granting new trials, no other grounds than those specified by the trial judge, as a basis for the order granting the new trial, shall be considered as arguable upon said appeal.” The cross-assignment filed by the plaintiffs below attempts to go beyond the statute by presenting for review a ground of the motion for new trial not specified by the trial court as a basis for the order from which tíre appeal is taken. The motion to dismiss the cross-assignment should therefore be granted. Compare Bopp v. City of Miami, 114 Fla. 262, 154 So. 199; Wolfe *599 v. City of Miami, 114 Fla. 238, 154 So. 196; Knudsen v. Hanlan, 160 Fla. 566, 36 So.2d 192.
It is so ordered.
THOMAS, Acting C. J., and MATHEWS and DREW, JJ., concur.