O’CONNELL, Justice.
Appellant, Curry U-Drive It, Inc., brought an action in the Civil Court of Record, Dade County, against appellee, Alvin Ross, trading and doing business as Ross Photo Offset Printers. Final judgment was entered in favor of the defendant Ross in the civil court of record, whereupon plaintiff appealed to the circuit court which subsequently granted the defendant’s motion to dismiss the appeal. The plaintiff thereupon filed its Notice of Appeal to this Court. Defendant moves this Court to dismiss the appeal, on the ground that plaintiff failed to comply with Rule 29 of the Supreme Court, 31 F.S.A., concerning the payment of taxed costs, and with Rules 31 and 36, concerning the preparation in the brief of an appendix.
It is well settled that an appeal may not be taken to the Supreme Court from a judgment of a circuit court rendered in a case appealed to the circuit court from a civil court of record. Leslie v. Maurer Construction Co., Fla., 67 So.2d 426. F.S.A. Sections 33.11, 33.12. Such a cause may only be brought to this Court by common law certiorari, which writ does not authorize a review of the circuit court’s judgment as on appeal, since the Constitution gave the circuit court final appellate jurisdiction in cases arising in courts inferior to it. Mutual Benefit Health & Accident Ass’n v. Bunting, 133 Fla. 646, 183 So. 321. Consequently, the plaintiff in this cause misconceived his remedy.
Nor can it be successfully contended that F.S. Section 59.45, F.S.A. may be utilized to “save” this appeal by allowing it to be regarded as a petition for certiorari. Such a contention may have prevailed had the attempted appeal shown sufficient grounds to invoke this Court’s organic power to issue the common-law writ of certiorari to review proceedings at law below. Hensley v. Palmer, Fla., 59 So.2d 851. In the instant case there was no such showing.
Inasmuch as we feel that the appeal' should be dismissed for the reasons cited’ herein and not for those raised by the ap-pellee, we must dismiss the appeal on our own motion.
It is so ordered.
DREW, C. J., and THOMAS and ROBERTS, JJ., concur.