HORTON, Chief Judge.
Plaintiffs appeal from an order granting a new trial. The defendant has filed a cross assignment of error directed to the alleged error of the trial court in entering a summary judgment on liability which was not indicated as a ground in the order granting the new trial.
The appellants sought to recover for property damage to their automobile under a collision contract of insurance issued by the appellee. The trial court granted a summary judgment on liability and the suit went to trial upon the issue of damages. At the close of the evidence, the court instructed the jury in part as follows:
“You are further instructed that the damages that the plaintiffs in this case are entitled to is what you find to be the difference between the value of the motor vehicle immediately prior to the accident in which said motor vehicle was damaged, and the motor vehicle after the accident in its damaged condition * *
following which the jury returned a verdict as follows:
“We the Jury find for the Plaintiff and assess damages at $2,700.00 with the provision that title of said car will go to Calvert Fire Insurance Co.”
Appellee’s motion for-new trial was granted, setting aside and vacating the verdict.
*51 Generally, an appeal will lie only from a final judgment or decree except as specified by rule- or statute. Hensley v. Palmer, Fla.1952, 59 So.2d 851; Martin v. Meyer, Fla.1953, 68 So.2d 597; Brannon v. Johnston, Fla.1955, 83 So.2d 779. Section 59.04, Fla.Stat., F.S.A., allows appeal from an order granting a motion for new trial. The scope of an appeal from an order granting a new trial is set forth in § 59.07(4), Fla.Stat., F.S.A., which states:
“[N]o other grounds than those specified by the trial judge, as a basis for the order granting a new trial, shall be considered as arguable upon said appeal.”
The cross assignment filed by appellee attempts to review a ground not specified in the order granting a new trial. Under the statutory limitation, the cross assignment was improper and will not be considered on this appeal. See Martin v. Meyer, supra; Leonetti v. Boone, Fla.1954, 74 So.2d 551; Lockhart v. Friendly Finance Co., Fla.App. 1959, 110 So.2d 478.
The appellants have assigned as error the granting of appellee’s motion for new trial. Trial courts are allowed a very broad and liberal discretion in the matter of granting a new trial and the decision of the trial judge in doing so will seldom be reversed by an appellate court unless an abuse of discretion is shown resulting in an injustice or a violation of the law. See Pyms v. Meranda, Fla.1957, 98 So.2d 341, 343; Cloud v. Fallis, Fla.App.1958, 107 So.2d 264, 269, certiorari discharged, Fla. 1959, 110 So.2d 669; 23 Fla.Jur., New Trial, § 87.
Appellants have cited authority for the proposition that mere surplusage does not affect the validity of the verdict; however, we feel this statement is not applicable to the case at bar.
The trial court indicated the following, among others, as the grounds for setting aside and vacating the verdict: (1) the verdict is contrary to and not responsive to the charges of the court given to the jury; and (2) the verdict is inconsistent with the charges of the court. From a consideration of the instructions given by the court, the evidence offered on this theory and the verdict rendered, it is obvious that the jury did not determine the value of the automobile after the accident as instructed, but apparently awarded the damaged automobile to the defendant, granting to the plaintiffs the value of the automobile before the accident.
When it is shown that the jury did not consider all the elements of damage involved, neglected to consider issues submitted or failed to discharge its duty as given them by the court’s charge, a motion for new trial should be granted. See Atlantic Coast Line R. Co. v. McIlvaine, 121 Fla. 78, 163 So. 496; Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376. See also Ocala Iron Works v. Crosby, 61 Fla. 369, 54 So. 815.
We conclude the trial judge was eminently correct and the order granting a new trial is affirmed.
Affirmed.
CARROLL, CHAS., J., concurs.
KEHOE, JOHN J., Associate Judge, dissents.