KANNER, Judge.
An action at law brought in the Civil Claims Court of Hillsborough County against defendant for negligent’construction of window sills and furnishing of defective materials in plaintiffs’ house resulted in a final judgment for plaintiffs. Upon appeal to the circuit court, the judgment was affirmed. The case was tried by a circuit judge sitting as a civil claims judge, and the appeal was heard by four of the circuit judges sitting en banc. Notice of appeal to this court was later filed, but defendant in its brief, expressing doubt as to which remedy to pursue, requested that the notice of appeal be treated as a petition for certiorari in the event it were determined that this, rather than appeal, is the proper avenue.
Plaintiffs have filed motion to dismiss or quash the appeal or, if considered as such, the petition for writ of certiorari. Grounds asserted for the motion are, essentially, that this court lacks jurisdiction to consider the cause on appeal, since the circuit court had final appellate jurisdiction, and that to treat the appeal as a petition for writ of certiorari is an attempt to have a second appeal on the merits, there having been made to appear, within the requirements for common law writ of certiorari, no violation of established principles of law, no excess of jurisdiction, and no palpable miscarriage of justice.
Thus the question arises, procedurally, whether an appeal lies and, if not, whether the notice of appeal, together with the record should be treated as a petition for writ of certiorari.
As has been indicated, the claim originated in the Civil Claims Court of Hills-borough County. Chapter 25574, General Laws of Florida, 1949, created a civil claims court in each county within a specified population bracket, Hillsborough County being one of them. The act provides that the senior circuit judge of the judicial circuit in which the court is located or one circuit judge in the circuit assigned by the senior circuit judge from time to time shall be judge of the civil claims court. The act further prescribes the jurisdiction of the court and has specific provision with reference to appeals from judgments rendered by that court:
“Section 15. Appeals may be had from judgments returned in civil claims court, to the circuit court sitting en banc, excepting the judge of the civil *815 claims court, and the same provisions now provided for by law for appeal from county judges court to the circuit court, shall be applicable to appeals from the civil claims court to the circuit court.”
Constitutionally, circuit courts shall have:
«* * * final appellate jurisdiction in all civil and criminal cases arising in the county court, or before county judges’ courts, of all misdemeanors tried in criminal courts of record, and of all cases arising in municipal courts, small claims courts, and courts of justices of the peace.” Florida Constitution, Article V, section 6(3), F.S.A.
Jurisdiction of the district courts of appeal, by Article V, section S,. Florida Constitution, is thus set out:
“Appeals from trial courts in each appellate district, and from final orders or decrees of county judge’s courts pertaining to probate matters or to estates and interests of minors and incompetents, may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court.”
It is seen, therefore, that through neither constitutional or statutory authority does any provision exist which permits •of a second appeal. See State v. Katz, Fla.App.1959, 108 So.2d 60; Curry U-Drive It v. Ross, Fla.1956, 89 So.2d 796. The conclusion must be that appeal does not lie.
 As to defendant’s request that its notice of appeal, together with the record, be regarded as a petition for writ of certiorari in the event that is the proper remedy, this must be considered in the light of the general rule that certiorari does not lie where an appeal is available. It cannot be utilized as a substitute for an appeal, cannot serve the purpose of it, cannot afford for a party a second appeal, and cannot be used to circumvent the clear provisions of a statute. 5 Fla.Jur., Certiorari, section 5, p. 483. A writ of certiorari may not be employed to reweigh or to revaluate evidence, but can be used by an appellate court only for the purpose of examining the record in order to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment, and it is necessary that those findings and the judgment be in accord with the essential requirements of law. Osceola Fruit Distributors v. Mayo, Fla.App.1959, 115 So.2d 760. Defendant pursued its available remedy of appeal to the circuit court, was there heard, and judgment of affirmance was rendered.
It would appear that the case is presented for reconsideration with attendant weighing and evaluation again of the evidence. This court does not find that defendant has made to appear any departure by the court below from the essential requirements of -law nor any other premise upon which the notice of appeal could be treated and invoked as a petition for writ of certiorari. Section 59.45 Florida Statutes, F.S.A., which permits under appropriate conditions an improvident appeal to be regarded and acted on as a petition for certiorari, cannot be interpreted in such a manner that this appeal can be “saved” through the expedient of regarding it as a petition for certiorari. Hensley v. Palmer, Fla.1952, 59 So.2d 851; Curry U-Drive It v. Ross, supra. The review attempted to be pursued being that of a second appeal and petition for writ of certiorari not being an available 'remedy under the circumstances, plaintiffs’ motion to dismiss defendant’s appeal is hereby granted, and it is so ordered.
SHANNON, C. J„ and SMITH, J., concur.