RAWLS, Judge.
Leo M. Powell, by his petition for certi-orari, asks this Court to review an order of the Circuit Court for Duval County, Florida, which affirmed in part a judgment of conviction by the Municipal Court of the City of Jacksonville.
*417 Powell and his wife own Powell Reporting Service which owns an automobile used in the business. Another automobile is owned by Mrs. Powell. On the eighth day of July 1963 Jacksonville police officer Carmichael served four “warrants” [1] upon Leo Powell in his office. Two of these charged Powell Reporting Service with overtime parking and two with parking in a prohibited area. At the time of serving the warrants, Powell and Carmichael became engaged in an argument concerning the parking violations resulting in Carmichael placing Powell under arrest. According to Carmichael, Powell stated he wasn’t going to pay the parking tickets, and according to Powell the charges against Powell’s Reporting Service did not constitute a charge against him individually, especially when taking into consideration the number of people employed by the Reporting Service and the number of individually owned automobiles used in the business. The argument resulted in Powell’s arrest and incarceration in the city jail.
Powell, as a result of the foregoing events, was charged in the Municipal Court of Jacksonville with the offenses of “disorderly conduct, resisting arrest” and “the offense of Failed to pay four (4) parking tickets.” The municipal judge after hearing extensive testimony found Powell guilty of the foregoing offenses. On Powell’s appeal the Circuit Court of Duval County affirmed the judgment of conviction for “disorderly conduct and resisting arrest,” but found that no evidence was adduced on the parking violations and remanded the cause to the Municipal Court with directions for a new trial for the offenses charged in the four warrants.
Basically, Powell contends in this petition for writ of certiorari that the Circuit Court departed from the essential requirements of law by 1. ordering a retrial on the parking violations, and 2. by refusing to set aside the judgment of conviction for disorderly conduct and resisting arrest.
We agree with petitioner in his first point. The City concedes that no evidence was adduced at the trial of this cause as to any parking offenses. However, the City takes the position that Powell was docketed and tried for “the offense of Failed to pay four (4) parking tickets” and, therefore, this trial cannot be said to be res adjudicata as to the charges made in the warrants of arrest, these being overtime parking and parking in a prohibited area. The City contends that the court docket and it alone apprises a defendant of the matters and things with which he is charged. It admits that there is no such offense as “Failed to pay four (4) parking tickets” and contends that even though it tried Powell for this alleged offense which does not exist, such cannot preclude it from again trying him for offenses that do exist. Technically, such a position may be well taken. However, this record clearly discloses that the defendant and his attorney went to trial upon the charges contained in the warrants, viz: overtime parking and parking in a prohibited area. In reaching this conclusion we cannot help but note the informality of the proceedings with the city judge acting as prosecuting officer and witness for both parties as well as serving in his judicial capacity. The record discloses that this defendant was tried on each of these charges and convicted of same. Thus, the City is not in a position to now say that because it did not properly docket the defendant, his ensuing trial would not preclude it from trying him again on the same charges. Powell timely moved for a judgment of acquittal, and since the City failed to adduce any evi *418 dence of any nature directed to these charges, judgment for the defendant should have been entered by the Municipal Court. The Circuit Court was correct when it found that there was no evidence as to the parking offenses charged, but it was in error when it remanded the defendant to the Municipal Court for a new trial upon such charges.
We now consider the point pertaining to the judgment of conviction of disorderly conduct. Petitioner was charged and convicted in the Municipal Court with “disorderly conduct, resisting arrest”. This decision was based upon a finding that the warrants were valid and that the officer had the authority to make the arrest. It is this conviction that the Circuit Court affirmed. The differences in the actual wording of the order of the original conviction and the Appellate Court’s order of affirmance do not amount to a conviction of two different offenses. The record clearly discloses that petitioner and officer Carmichael engaged in a brawl immediately preceding the taking of the petitioner into custody. We' do not condone “police state tactics” of which there was some evidence on the 'part of the City in accomplishing the arrest of Powell in his own office. Plowever, since the scope of our review is so restricted in a common law certiorari proceeding, we cannot as a matter of law hold that the Circuit Court departed from the essential requirments of law in its conclusion that competent evidence existed to support Powell’s conviction by the Municipal Court for disorderly conduct. As stated in Cast-Crete Corporation v. Prater,[2] viz:
“ * * * ^ writ of certiorari may not be employed to reweigh or to re-valuate evidence, but can be used by an appellate court only for the purpose of examining the record in order to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment, and it is necessary that those findings and the judgment be in accord with the essential requirements of law. * * * ”
The judgment of the Circuit Court affirming the conviction of the Municipal Court of disorderly conduct, resisting arrest is, therefore, affirmed.
Reversed in part and affirmed in part.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.

. These instruments were entitled “warrant” but the warrant officers of the Jacksonville Police Department were instructed to merely serve them upon the individual named and to direct him to appear in court. If he refused to accept the warrant or refused to appear in court, the officer should make a physical arrest.

. Cast-Crete Corp. v. Prater, 134 So.2d 813, 815 (Fla.App.2d 1961).