ALLEN, Judge.
Petitioner seeks review by certiorari of the decision of the Circuit Court of Brow-ard County, Florida, affirming a judgment of conviction entered against him by the Municipal Court of Fort Lauderdale.
The conviction was for the violation of a city ordinance that prohibited the keeping *868 of horses on property zoned residential-office (R-O) under the zoning ordinances of the respondent.
Respondent moved to dismiss the petition on jurisdictional grounds, and ruling was deferred until argument was heard on the petition for the writ Argument having now been heard, we arrive at the conclusion that the motion should be granted and the petition for writ of certiorari dismissed.
The Constitution of Florida, Article V, Section 6(3), F.S.A., confers upon the circuit courts final appellate jurisdiction “of all cases arising in municipal courts.” Therefore, judgments of a circuit court while sitting in the exercise of its appellate jurisdiction are subject to review only by petition for writ of certiorari. This review is the so-called common law certiorari power, and is now vested in the district courts of appeal and circuit courts by the amended Article V.
The extent of this review is well laid out by the Third District Court of Appeal in State v. Katz, Fla.App. 1959, 108 So.2d 60, and by this court in Cast-Crete Corporation v. Prater, Fla.App.1961, 134 So.2d 813. In the Katz case, the court, in looking to precedent previously applicable to the Florida Supreme Court when the power to issue such writs was vested in that body, quoted the following language from American Ry. Express Co. v. Weatherford, 1922, 84 Fla. 264, 93 So. 740, 741:
“ ‘Certiorari is a common-law writ which issues in the sound judicial discretion of the court to an inferior court, not to take the place of a writ of error or an appeal, but to cause the entire record of the inferior court to be brought up by certified copy for inspection, in order that the superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law, in cases where no direct appellate proceedings are provided by law. * * * ’ ”
Elsewhere, the court quoted from Benton v. State, 1917, 74 Fla. 30, 76 So. 341, 343:
“ ‘Under the Constitution of this state, the supervisory power of the Supreme Court on a certiorari to a circuit court as an appellate court is restricted to an examination into the external validity of the proceedings had in the circuit court, and cannot be exercised to review the judgment of that court as to its intrinsic correctness, where the record discloses that a cause of action existed; the court of original jurisdiction had jurisdiction of parties and subject-matter, and the appellate court acquired jurisdiction according to the forms prescribed by law. * * * ’ ” (Emphasis added.)
It can be seen then, and this has been stated time and time again, that common law certiorari contemplates only an examination into the jurisdiction of the courts below and the regularity of the procedural steps followed. No re-examination of the merits is permissible.
Petitioner, in his appeal to the circuit court, challenged the validity of the ordinance under which he was convicted. Specifically, he charged that the amendment of a city ordinance to prohibit the keeping of horses on property zoned R-0 was void for the reason that the city failed to give public notice and to hold a public hearing in compliance with Chapter 176, Florida Statutes, F.S.A., as well as certain provisions of the city charter. Chapter 176 prescribes public notice and a public hearing before a zoning ordinance or its amendment becomes effective.
The decision of the municipal court, with which the circuit court was confronted, held that the challenged ordinance was not a zoning ordinance, therefore the procedure for amending zoning ordinances need not have been followed. The circuit court affirmed, stating that the ordinance could be construed as either a zoning restriction, or as an exercise of the city’s general police *869 power relating to health, morals and general welfare of the community, but that the judgment of the trial court arrived with the presumption of validity, and that the appellant had not sustained the burden of overcoming that presumption.
Petitioner’s assertion of our jurisdiction is that the lower court deviated from the essential requirements of the law by upholding a conviction for which there was no lawful authority. Clearly, any determination to that effect on our part would involve an examination into the “intrinsic correctness” of the circuit court’s holding, which is, of course, the very thing we are precluded from doing.
The petitioner, therefore, fails to present any question appropriate for our review; accordingly, respondent’s motion to dismiss is hereby granted.
SMITH, C. J., and SHANNON, J., concur.