195 So.2d 27 (1967)
Annie Bryant CORRELL and Oscar Correll, Appellants,
v.
Roger Lee ELKINS and James Elkins, Appellees.
No. H-376.
District Court of Appeal of Florida. First District.
February 9, 1967.
Rehearing Denied March 2, 1967.
*28 Paul R. Stern, Daytona Beach, for appellants.
Hull, Landis, Graham & French, Daytona Beach, for appellees.
CARROLL, DONALD K., Judge.
The plaintiffs in an automobile collision action have appealed from a final judgment entered by the Circuit Court for Volusia County based upon a jury verdict in which damages were awarded to the plaintiff wife but the verdict form was left blank as to the damages for the plaintiff husband.
The basic question presented for our determination in this appeal is whether the said verdict was proper under the law and the trial evidence.
This is an action by a married woman, joined by her husband, for personal injuries which she received in a rear-end collision, whereby the defendants' automobile rammed into the back of the automobile which the plaintiff wife was driving. By their complaint the plaintiff wife seeks damages for pain and suffering, loss of earnings, loss of earning capacity, and permanent disability, and the plaintiff husband seeks damages for present and future medical expenses and for loss of her services and of consortium. At no time and in no way before, during, or after the trial did the plaintiff wife herself seek compensation for medical expenses, past, present, or future. At the trial the plaintiffs introduced in evidence various medical bills incurred as a result of the plaintiff wife's injuries. At the conclusion of the trial the court instructed the jury as *29 to the plaintiff wife's and the plaintiff husband's separate elements of damage, essentially in accordance with the elements alleged in the plaintiff's complaint. The court did not instruct the jury that the plaintiff wife could recover for medical expenses, and the court was not requested to do so. Nevertheless, after receiving the court's instructions as above outlined, the jury retired to deliberate and returned the following verdict:
"We, the Jury, find for the plaintiff, ANNIE BRYANT CORRELL, and against the Defendants, ROGER LEE ELKINS and JAMES ELKINS, and assess her damages in the amount of Fifteen Hundred Dollars ($1500.00) and we further find for the Plaintiff, OSCAR CORRELL, and against the Defendants, ROGER LEE ELKINS and JAMES ELKINS, and assess his damages in the amount of ____ Dollars ($ ____)."
As mentioned above, the real question on appeal involves the validity of this verdict in the light of the pleadings, evidence, and jury instructions. This question places the instant case in one of the most controversial and difficult areas in our jurisprudence today  the right of a trial or appellate court to disturb a jury verdict in an action at law. In such an action the jurors are the triers of the facts at issue, and a trial or appellate court is not ordinarily justified in substituting its judgment for that of the jury as to questions of fact. Nevertheless, in order to preserve the rule of law in our court system, the courts have retained and must exercise the right to assure that such verdict be in conformity with the law. Without that right, our juries might be free to roam at will and, at their whim, determine important questions of personal or property rights, in disregard of the law and evidence. Thus, in certain exceptional cases the courts may disturb jury verdicts when not conforming to the law, and we think this is one of those cases under the decisional law of this state.
The Florida case involving a situation most nearly analogous to that in the case at bar is Fejer v. Whitehall Laboratories, Inc., 182 So.2d 438 (Fla.App. 1966). In that case an action was brought by a husband and wife for injuries sustained by the wife, for medical expenses paid by the husband, and for the husband's loss of his wife's society and companionship. At the trial the jury returned the following verdict:
"We, the jury, find for the plaintiff GABRIELE FEJER and assess her damages in the sum of Seventeen Hundred ($1,700.00) Dollars and for the plaintiff STEFAN FEJER in the sum of No. ($0.00) Dollars so say we, all,"
In this Fejer case the District Court of Appeal, Third District of Florida, said concerning the effect of the quoted verdict:
"Subsequently the plaintiff-husband moved for a new trial on the issue of damages only claiming that the verdict was defective in that liability was determined in favor of the plaintiff and his damages were assessed at No Dollars although he had proven damages in the form of doctors, medicine and transportation expenses together with a showing of future medical expenses and the loss of his wife's society and companionship. The trial judge denied this motion.
"Plaintiff-husband's contention on appeal is that the trial court erred in refusing to grant a new trial on the issue of his damages. We agree with this contention. An examination of the record supports the claim that the husband has suffered some damages, even if only the medical bills are considered. Further, the wife did not request nor did she attempt to prove that such damages should be awarded to her; and, the trial court properly instructed the jury on the issue of damages."
While the verdict for the husband in the Fejer case was for "no" dollars and the verdict for the husband in the instant case was not filled in as to the amount of his *30 damages, we think that this difference is more apparent than real and is not sufficient to distinguish this case from the Fejer case. Leaving the space blank in the verdict as to the amount of the award to the husband can only logically be interpreted as indicating the jury's intention to award nothing to him. Certainly if the jury intended thereby to show that they had refused to consider awarding damages to the husband, such action would contravene the instructions of the trial court that if they found for the plaintiff, they should consider the damages which the plaintiff husband has sustained.
The Fejer decision was cited and followed by the District Court of Appeal, Second District of Florida, in Grant v. Williams, 190 So.2d 23 (1966).
At the very least, the jury in the instant case may be said to have failed to consider all of the elements of damage involved. If that is what happened at the trial, a new trial should be granted under the following rule recognized by the Supreme Court of Florida in Roth v. Calvert Fire Ins. Co., 119 So.2d 49 (Fla.App. 1960):
"When it is shown that the jury did not consider all the elements of damage involved, neglected to consider issues submitted or failed to discharge its duty as given them by the court's charge, a motion for new trial should be granted. See Atlantic Coast Line R. Co. v. McIlvaine, 121 Fla. 78, 163 So. 496; Radiant Oil Co. v. Herring, 146 Fla. 154, 200 So. 376. See also Ocala Iron Works v. Crosby, 61 Fla. 369, 54 So. 815."
Since we interpret the verdict in the present case as being the equivalent of a verdict of no damages as in the Fejer case, we consider the decision in that case as a highly persuasive, if not a controlling, precedent to be followed here. Not only this, but the other pivotal facts in the Fejer case are substantially the same as in the case at bar, namely: the plaintiff wife did not request nor did she attempt to prove that damages for medical expenses nor for his loss of her services and his loss of consortium should be awarded to her; the plaintiff husband in his complaint claimed damages for medical expenses and loss of services and consortium; at the trial the plaintiff husband proved damages in the form of medical bills, together with a showing of future medical expenses and the loss of his wife's society and companionship; and the trial court properly instructed the jury on the issues of damages, including a charge to the effect that the jury should consider damages to the plaintiff husband for proven medical expenses and loss of services and consortium should be awarded to the plaintiff husband. In view of this posture of the pleadings, evidence, and instructions, and in view of the established law in Florida that a husband is responsible for the wife's medical expenses and is entitled to damages for loss of her services and consortium, we cannot see how the jury in this case could have reasonably awarded in their verdict damages for the plaintiff wife and nothing for the plaintiff husband.
While the decisions of the courts of this state do not always seem consistent in this area of the law, we believe that our judgment in this appeal is supported not only by the Fejer and Grant cases, supra, but also by the decisions in the following Florida cases involving analogizable factual situations: Loftin v. Anderson, 66 So.2d 470 (Fla. 1953), Noll v. Byorick, 108 So.2d 67 (Fla.App. 1959), and Thieneman v. Cameron, 126 So.2d 170 (Fla.App. 1961).
In the present appeal the appellants-plaintiffs ask us to award a new trial as to both of them. While it is obvious that the more grievous error in this case occurred with reference to the claim of the plaintiff husband, we feel that the interests of justice require a new trial as to both of the plaintiffs, since the jurors at the trial were evidently confused on the subject of damages and probably on the subject of the proper apportionment of the damages between the two plaintiffs.
*31 Accordingly, for the foregoing reasons the judgment appealed from herein must be, and it is, reversed and this cause remanded with directions for a new trial on all issues. Granting such a new trial seems to us in keeping with the holding of the Supreme Court of Florida under comparable circumstances in Stevens Markets, Inc. v. Markantonatos, 189 So.2d 624 (1966).
Reversed and remanded with directions.
WIGGINTON, Acting C.J., and SACK, J., concur.